KOCH et al., Appellants,

v.

**CITY OF AVON BOARD OF EDUCATION et al., Appellees.**

[Cite as *Koch v. Avon Bd. of Edn.* (1989), 64 Ohio App.3d 78.]

Court of Appeals of Ohio,
Lorain County.

No. 89CA004512.

Decided Sept. 6, 1989.

*Patrick J. Perotti,* for appellants.

*S. Drews Brodbeck,* for appellees.

QUILLIN, Judge.

The sole issue presented in this negligence action is whether the trial court erred in granting summary judgment in favor of the city of Avon Board of Education, and teachers John Pickering and Janet Coon. We affirm.

On January 8, 1987, Frank Koch, a fifteen-year-old freshman at Avon High School, injured his left knee during vaulting exercises in his physical education class. Koch injured his knee while he performed a squat vault over a vaulting horse. The city of Avon Board of Education ("board") authorized the physical education class which contained the gymnastic program as part of the required physical education curriculum taught by John Pickering and Janet Coon. The gymnastic activities began with a lecture to the entire class concerning the use of the equipment. Pickering then demonstrated how to perform the vaulting exercises. Koch performed approximately five vaults on that day before he injured his knee. Koch also performed two vaults which were advanced variations of the squat vault. The students were eventually to work up to performing these vaults because they were more complicated.

Betty Koch, Frank's mother, brought this action on behalf of Frank for his personal injuries. Frank's parents also sued for deprivation of affection and services of their son. The trial court granted summary judgment in favor of the board, Pickering and Coon, holding that the defendants were immune from liability pursuant to R.C. 2744.03.

Koch raises one assignment of error.

### Assignment of Error

"The trial court committed reversible error in granting summary judgment to the defendants."

A trial court may properly grant a motion for summary judgment pursuant to Civ.R. 56(C) if it determines that:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and

viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

Upon a review of the depositions, pleadings and other evidentiary materials submitted, we hold that the trial court properly determined that pursuant to R.C. 2744.03, no genuine issues of fact existed and defendants were entitled to judgment as a matter of law.

In *Carbone v. Overfield* (1983), 6 Ohio St.3d 212, 6 OBR 264, 451 N.E.2d 1229, the Supreme Court of Ohio held that the defense of sovereign immunity was not available to a board of education in an action for damages for injuries allegedly caused by the negligence of its employees. In response to this decision, the legislature enacted Am.Sub.H.B. No. 176 (141 Ohio Laws, Part I, 1699) which, in a three-tier approach, outlines when a political subdivision and its employees may be liable.

A political subdivision is now generally not liable for an injury caused by an act or omission of the political subdivision or its employees in connection with a governmental or proprietary function. R.C. 2744.02(A)(1). However, it is liable for such injury if it is caused by the negligence of their employees that occurs within or on the grounds of buildings that are used in connection with a governmental function. R.C. 2744.02(B)(4). R.C. 2744.03 contains defenses or immunities for subdivisions and their employees, which would otherwise be held liable under R.C. 2744.02(B).

■ While the trial court found three defenses which would provide immunity for the board, we hold that the defense contained in R.C. 2744.03(A)(5) was sufficient for granting summary judgment in its favor.

R.C. 2744.03(A) provides in pertinent part:

"(A) In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to persons or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

" * * *

"(5) The political subdivision is immune from liability if the injury, death, or loss to persons or property *resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials,* personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner." (Emphasis added.)

In this instance, the record reflects that the board relied on the instructor's expertise in evaluating whether to repair or replace the physical education equipment at Avon High School. Moreover, whether a piece of equipment would be used or how the equipment was used was also left to the discretion of each instructor. Because the policy of the board to defer to the expertise of a certified physical education instructor was a decision resulting from the exercise of the board's judgment, we hold that this is the type of act that R.C. 2744.03(A)(5) intended to shield from liability. The trial court also properly determined that there was no evidence presented to support the allegation that the board acted maliciously, recklessly, or in bad faith in exercising its judgment. As a result, we agree that the board is immune from suit pursuant to R.C. 2744.03(A)(5).

■ R.C. 2744.03(A) provides in pertinent part:

"(6) In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division, the employee is immune from liability unless one of the following applies:

"(a) His acts or omissions were manifestly outside the scope of his employment or official responsibilities;

"(b) His acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

"(c) Liability is expressly imposed upon the employee by a section of the Revised Code."

First, Koch presented no evidence that Coon or Pickering acted outside the scope of their employment. Second, the trial court properly held that there was no evidence presented that the instructors exercised their judgment not to replace the Rheuther board maliciously, recklessly, or in bad faith.

Before the students performed any vaulting or other gymnastic skills, the entire class received a lecture on the use of the equipment and the applicable safety precautions. Pickering testified that he began the gymnastics portion of the class under the assumption that the boys had no prior gymnastic training. Pickering also testified that he always kept the horse at its lowest level and that the Rheuther board was designed to be moveable because it should be moved backward or forward depending on the height or weight of an individual. Pickering also testified that he believed that the Rheuther board worked better with the heavy horsehair mat underneath it. As a result, he did not ask to have the board repaired or replaced when the rubber on the bottom of the board became unglued. Pickering also testified that the decision to have spotters, to prevent the participants from losing their balance, was a judgment call based on each participant's ability. Pickering also

demonstrated the vaults for the students and told the students to jump on the Rheuther board one time to get the "feel" of the board.

Koch testified that he performed the squat vault approximately five times and a more complicated vault two times before he was injured. Koch also testified that he had no knowledge that Pickering or Coon deliberately wanted to injure him.

Finally, Koch asserts no other code section which would expressly impose liability on an employee under these circumstances. Accordingly, we hold that the trial court properly granted summary judgment in favor of Coon and Pickering.

The judgment is affirmed.

*Judgment affirmed.*

BAIRD and HAYES, JJ., concur.

JERRY L. HAYES, J., of the Domestic Relations Division of the Court of Common Pleas of Portage County, sitting by assignment.