**BANCHICH, Appellant,**

v.

**PORT CLINTON PUBLIC SCHOOL DISTRICT et al., Appellees.**

[Cite as *Banchich v. Port Clinton Pub. School Dist.* (1989), 64 Ohio App.3d 376.]

Court of Appeals of Ohio,
Sandusky County.

No. S–89–11.

Decided Dec. 22, 1989.

*Thomas J. Schank,* for appellant.

*Robert Gargasz,* for appellees.

---

*Per Curiam.*

This case is on appeal from a judgment of the Sandusky County Court of Common Pleas.

The facts of this case are as follows. On April 23, 1986, appellant, John J. Banchich, was enrolled in a carpentry class at Vanguard Sentinel Joint Vocational School. As he was working on a class project, Banchich was injured while using a power jointer.

On April 22, 1988, Banchich filed a personal injury action against appellee, Vanguard Sentinel Joint Vocational School District ("Vanguard").[1] On February 24, 1989, summary judgment was granted in favor of Vanguard on the ground Vanguard was immune from suit pursuant to R.C. Chapter 2744.

It is from this judgment that Banchich raises the following sole assignment of error:

"O.R.C. 2744, as a matter of law, does not provide certified teachers with immunity for their negligent acts."

R.C. 2744.02(A)(1) provides that, in general, political subdivisions are immune from liability regarding acts or omissions involving governmental functions. Further, the parties do not dispute that a school district is a "political subdivision" as defined under R.C. 2744.01(F), engaged in a "governmental function" as defined under R.C. 2744.01(C)(1)(c).

However, the General Assembly has provided some exceptions to the general rule of immunity. In particular, R.C. 2744.02(B)(4) provides that political subdivisions are liable for the negligent acts of their employees which occur "within or on the grounds of buildings that are used in connection with the performance of a governmental function * * *."

This exception, however, is subject to defenses and immunities provided for in R.C. 2744.03. In particular, R.C. 2744.03(A)(5) provides that a political subdivision is immune from liability if the injury "resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources, unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner."

---

**1.** Port Clinton Public District was also named as a defendant in the present action but later dismissed upon stipulation of the parties.

In *Mosely v. Dayton City School Dist.* (July 6, 1989), Montgomery App. No. 11336, unreported, 1989 WL 73988, the court held that a teacher's method of conducting a physical education class was a method confined to the exercise of his judgment or discretion. Therefore, absent an allegation that such teacher acted in a wanton or reckless manner, the school district was immune from liability under R.C. 2744.03(A)(5). *Id.;* see, also, *Koch v. Avon Bd. of Edn.* (1989), 64 Ohio App.3d 78, 81, 580 N.E.2d 809, 811 ("whether a piece of equipment would be used or how the equipment was used" is a matter left to the discretion of each teacher).

In the present case, we find that the manner in which Banchich's teacher instructed and supervised his student's use of the power jointer was a discretionary act. We further find that the teacher's maintenance and inspection of the power jointer used in the carpentry class also were discretionary acts. Therefore, absent any allegation that Banchich's teacher acted with a malicious purpose, in bad faith or in a wanton or reckless manner,[2] Vanguard is immune from liability pursuant to R.C. 2744.03(A)(5).

Accordingly, we find Banchich's sole assignment of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and the judgment of the Sandusky County Court of Common Pleas is affirmed. It is ordered that appellant pay court costs of this appeal.

*Judgment affirmed.*

HANDWORK, P.J., CONNORS and GLASSER, JJ., concur.

---

2. In the present case, Banchich has neither alleged nor argued that his teacher acted with a malicious purpose, in bad faith or in a wanton or reckless manner. A review of the record supports the trial court's finding that, although perhaps there were factual issues as to negligence, Banchich has raised "no facts taking on the aspect of highly unreasonable conduct or extreme departure from ordinary care * * *."