**MOSS et al., Appellees,**

**v.**

**LORAIN COUNTY BOARD OF MENTAL RETARDATION, Appellant.**

[Cite as *Moss v. Lorain Cty. Bd. of Mental Retardation,*
185 Ohio App.3d 395, 2009-Ohio-6931.]

Court of Appeals of Ohio,
Ninth District, Lorain County.

No. 09CA009550.

Decided Dec. 30, 2009.

398

---

Frank Gallucci and Michael Shroge;  and Paul W. Flowers, for appellees.

Matthew John Markling, for appellants.

BELFANCE, Judge.

{¶ 1} Appellants, the Lorain County Board of Mental Retardation and Developmental Disabilities ("the board"), Connie J. Brown, Kimberly Muschitz, and Renee M. Oppenheiner (collectively, "the employees"), have appealed the decision of the Lorain County Court of Common Pleas denying their motion for judgment on the pleadings in the action filed by appellees, Jacob Moss and Kim Moss (collectively, "Moss"). For the reasons set forth below, this court affirms the decision of the Lorain County Court of Common Pleas.

I

{¶ 2} Jacob Moss is the son of Kim Moss. At the time of the incident that led to the filing of the complaint, Jacob Moss was seven years old. He was attending the Murray Ridge School ("Murray Ridge") because he was born with Down syndrome and has been diagnosed with other disorders, including epilepsy and attention deficit hyperactivity disorder. Due to these conditions, Jacob requires constant supervision. Murray Ridge is owned and operated by the board. Brown, Muschitz, and Oppenheiner are employees at Murray Ridge.

{¶ 3} On August 29, 2007, Jacob was in a classroom at Murray Ridge with other students of the school and school employees. A kitchen area was located in the classroom. Unbeknownst to the school employees monitoring the children, Jacob entered the kitchen area and spilled a pot of hot coffee down his chest. Pursuant to school policy, no students were supposed to be left unattended in the kitchen. Jacob suffered second-degree burns to his chest and abdomen and was in need of substantial medical treatment. He has permanent scarring as a result of the incident.

{¶ 4} Moss filed a complaint for personal injury and loss of consortium against the board, the employees, and other persons not parties to this appeal. Moss alleged that the classroom in which the injury took place was negligently designed and maintained, in that it included an unsecured kitchen area containing various potential hazards that threatened the safety of the special-needs students at Murray Ridge. Moss also alleged that in neglecting to supervise Jacob, the employees acted recklessly and wantonly by failing to comply with school policy and failing to comply with the standard of care that was owed to him and his mother.

{¶ 5} The board and the employees moved for judgment on the pleadings, asserting that they were immune from liability. The trial court denied the motion. The instant appeal followed.

{¶ 6} The board and the employees have argued that the trial court erred in (1) ruling that the issue of immunity involved questions of law and fact, (2) not recognizing that one analysis of governmental immunity applies to political subdivisions and a different analysis applies to employees of the subdivision, (3) holding that the employees were not sued in their official capacities, (4) denying the board immunity, (5) denying the employees immunity, and (6) failing to dismiss Kim Moss's loss-of-consortium claim. For ease of analysis, we will address the assignments of error out of order.

## II

### Standard of Review

{¶ 7} Any order of the trial court that denies a political subdivision and its employees the benefit of immunity is a final order. R.C. 2744.02(C); *Hubbell v. Xenia,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 2. An order denying a motion for judgment on the pleadings filed by a political subdivision or its employees is a final, appealable order. See *Sullivan v. Anderson Twp.,* 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶ 3–4, 13 (holding that the trial court's order that denied in part Anderson Township's motion for judgment on the pleadings was a final, appealable order because it denied the township the benefit of immunity).

{¶ 8} A motion for judgment on the pleadings by a defendant is considered a delayed motion to dismiss an action for failure to state a claim. *Dunfee v. Oberlin School Dist.,* 9th Dist. No. 08CA009497, 2009-Ohio-3406, 2009 WL 2005363, at ¶ 6, quoting *Pinkerton v. Thompson,* 174 Ohio App.3d 229, 2007-Ohio-6546, 881 N.E.2d 880, at ¶ 18. Thus, we review a trial court's ruling on a motion for judgment on the pleadings pursuant to the de novo standard, id., affording no deference to the findings of the trial court. *Akron v. Frazier* (2001), 142 Ohio App.3d 718, 721, 756 N.E.2d 1258. We must confine our review to the pleadings, accepting all factual allegations in the complaint as true, and making all reasonable inferences in favor of the nonmoving party. *Dunfee* at ¶ 6, quoting *Pinkerton* at ¶ 18. Judgment on the pleadings is appropriate if it is clear that the nonmoving party can prove no set of facts that would entitle that party to relief. Id.

### Assignment of Error 2

The Trial Court erred in failing to recognize that two separate and distinct tiered analyses are applied in determining whether either a political subdivision or an employee of a political subdivision enjoys the benefit of an alleged immunity from liability under the Political Subdivision Tort Liability Act.

{¶ 9} With respect to the second assignment of error, the board and the employees have argued that the trial court did not apply the separate "tiered" analyses as described in *Cater v. Cleveland* (1998), 83 Ohio St.3d 24, 28, 697 N.E.2d 610, to determine whether the board and the employees were immune from liability. In their brief, the board and the employees have set forth quotations from precedent of the Supreme Court of Ohio that describe the tests to be applied. However, they have not presented any argument in support of their assignment of error. It is the appellants' responsibility to ensure that the argument "is supported by citations to legal authority and facts in the record." *State v. Taylor* (Feb. 9, 1999), 9th Dist. No. 2783–M, 1999 WL 61619, at *3; see also App.R. 16(A)(7). " 'It is not the function of this court to construct a foundation for [the appellants'] claims; failure to comply with the rules governing practice in the appellate courts is a tactic which is ordinarily fatal.' " *Catanzarite v. Boswell,* 9th Dist. No. 24184, 2009-Ohio-1211, 2009 WL 692381, at ¶ 16, quoting *Kremer v. Cox* (1996), 114 Ohio App.3d 41, 60, 682 N.E.2d 1006. Thus, as the board and the employees have failed to develop this argument, we will not address it.

## Assignment of Error 4

The Trial Court erred in denying [the board] the benefits of statutory immunity under R.C. Chapter 2744.

{¶ 10} In order to determine whether a political subdivision is immune from liability, we must engage in a three-tiered analysis. *Cater,* 83 Ohio St.3d at 28, 697 N.E.2d 610. The first tier sets forth the following premise:

Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function.

R.C. 2744.02(A)(1). Pursuant to the second tier, we determine whether one of the five exceptions to immunity outlined in R.C. 2744.02(B) applies to hold the political subdivision liable for damages. *Cater* at 28, 697 N.E.2d 610. Last, immunity may be restored, and the political subdivision will not be liable, if one of the defenses enumerated in R.C. 2744.03(A) applies. Id.

{¶ 11} In the instant matter, it is not disputed that the board is a political subdivision. See *Ridley v. Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities,* 150 Ohio App.3d 383, 2002-Ohio-6344, 781 N.E.2d 1034, at ¶ 25. Also, providing a system of public education and operating facilities for the mentally retarded or developmentally disabled are both govern-

mental functions. R.C. 2744.01(C)(2)(c) and (o). Thus, the board is entitled to immunity pursuant to R.C. 2744.02(A)(1).

{¶ 12} We next examine whether one of the exceptions to immunity applies. The five exceptions are (1) if the harm was caused by negligent operation of a motor vehicle by an employee of the board, (2) if the harm was caused by negligent performance of a proprietary function by an employee of the board, (3) if the claim arises from the negligent failure to keep public roads in repair and free from obstruction, (4) if the harm was caused by "the negligence of [the board's] employees and [ ] occur[ed] within or on the grounds of, and is due to physical defects within or on the grounds of, buildings that are used in connection with the performance of a governmental function, * * * *" and (5) if the Revised Code imposes civil liability on the board. R.C. 2744.02(B)(1) through (5).

{¶ 13} Moss alleges that the injury sustained occurred due to the negligence of the employees of the board and due to a physical defect within a building, thereby invoking the exception specified in R.C. 2744.02(B)(4). In order to invoke this immunity exception, Moss was required to allege that the injury (1) was caused by negligence on the part of the board's employees, (2) occurred within or on the grounds of a building in which a governmental function was performed, and (3) was due to a "physical defect within or on the grounds of" the school. R.C. 2744.02(B)(4). See also *Dunfee*, 2009-Ohio-3406, 2009 WL 2005363, at ¶ 13.

{¶ 14} Having determined above that Murray Ridge is a building in which a governmental function is performed, we next examine whether Moss's complaint contains sufficient allegations that the board's employees acted negligently and that the injury was due to a physical defect within or on the grounds of the school.

{¶ 15} Moss's complaint contains allegations of employee negligence that caused his injury. Moss has alleged that the kitchen area had been negligently and carelessly designed, maintained, and constructed by the board's employees and that the named defendants were employees, agents, or contractors of the board who were responsible for the design, construction and maintenance of the facility and as a consequence, Jacob suffered physical injury. Moss has also alleged that the board's employees were negligent on the date of the incident.

{¶ 16} Moss has further alleged that Jacob's injury resulted from a physical defect within the grounds of the school. In this regard, Moss claims that the kitchen area constituted a physical defect that caused Jacob's injury. The complaint states that Murray Ridge is a facility designated for educating children with special needs. The kitchen area was located in Jacob's classroom. Moss further alleged that in light of the negligent design, maintenance, and construction of the kitchen, it contained "physical hazards" that threatened the safety of

the special-needs students. In other words, the negligent design, maintenance, and construction resulted in a physical defect, namely, the kitchen. Furthermore, this physical defect posed special dangers to the young, special-needs students, including Jacob. Finally, the complaint alleges that because of the physical defect, Jacob was injured. Based on the foregoing, we find that Moss has alleged sufficient facts that if proven, demonstrate that the R.C. 2744.02(B)(4) exception applies to the instant matter.

{¶ 17} In the final step of the three-tiered analysis, we must determine whether immunity is restored to the board pursuant to any of the defenses enumerated in R.C. 2744.03(A)(1) through (5). *Cater,* 83 Ohio St.3d at 28, 697 N.E.2d 610. The Supreme Court of Ohio has determined that the defenses to imposition of liability of R.C. 2744.03 must be read more narrowly than the exceptions to immunity outlined in R.C. 2744.02(B). *Greene Cty. Agricultural Soc. v. Liming* (2000), 89 Ohio St.3d 551, 561, 733 N.E.2d 1141. The statutory defense potentially applicable in this case is the defense provided in R.C. 2744.03(A)(5), which states:

> The political subdivision is immune from liability if the injury, death, or loss to person or property resulted from the exercise of judgment or discretion in determining whether to acquire, or how to use, equipment, supplies, materials, personnel, facilities, and other resources *unless the judgment or discretion was exercised with malicious purpose, in bad faith, or in a wanton or reckless manner.*

(Emphasis added.)

{¶ 18} Moss alleges in the complaint that Jacob was injured because the board's employees completely failed to properly supervise him in the classroom. In light of this lack of supervision, Jacob was able to wander away from his classmates and into the kitchen area, where he reached for a pot of hot coffee on the counter and spilled it on himself. "The way in which a teacher supervises [her] class and maintains the classroom equipment are discretionary acts." *Bolling v. N. Olmsted City Schools Bd. of Edn.,* 8th Dist. No. 90669, 2008-Ohio-5347, 2008 WL 4599670, at ¶ 37, citing *Banchich v. Port Clinton Pub. School Dist.* (1989), 64 Ohio App.3d 376, 378, 581 N.E.2d 1103. See also *Marcum v. Talawanda City Schools* (1996), 108 Ohio App.3d 412, 416–417, 670 N.E.2d 1067. Thus, unless Moss's complaint sets forth operative facts alleging that the board's employees exercised their discretion in the classroom with a "malicious purpose, in bad faith, or in a wanton or reckless manner[,]" the board has a defense to immunity pursuant to R.C. 2744.03(A)(5).

{¶ 19} One acts with a malicious purpose if one willfully and intentionally acts with a purpose to cause harm. *Piro v. Franklin Twp.* (1995), 102 Ohio App.3d 130, 139, 656 N.E.2d 1035. Bad faith is defined as a "dishonest purpose, moral

obliquity, conscious wrongdoing, [or] breach of a known duty through some ulterior motive or ill will." (Citations omitted.) *Lindsey v. Summit Cty. Children Servs. Bd.,* 9th Dist. No. 24352, 2009-Ohio-2457, 2009 WL 1478711, at ¶ 16. A person acts wantonly if that person acts with a complete "failure to exercise any care whatsoever." *Fabrey v. McDonald Police Dept.* (1994), 70 Ohio St.3d 351, 356, 639 N.E.2d 31. One acts recklessly if one is aware that one's conduct "creates an unreasonable risk of physical harm to another * * *." (Citation omitted.) *Thompson v. McNeill* (1990), 53 Ohio St.3d 102, 104, 559 N.E.2d 705. Recklessness is more than mere negligence in that the person "must be conscious that his [or her] conduct will in all probability result in injury." *Fabrey* at 356, 639 N.E.2d 31.

{¶ 20} We conclude that the allegations of the complaint do not rise to the level of maliciousness or bad faith, because each requires purposeful wrongdoing and the complaint does not contain allegations that the board's employees' alleged failure to appropriately supervise Jacob was purposeful. However, we conclude that the complaint contains a sufficient allegation that the board's employees acted in a wanton or reckless manner given the allegations that the supervision of these young, special-needs children was so lax that Jacob was able to leave the group and enter the kitchen area completely undetected to reach for a pot of hot coffee. In essence, Moss has alleged that the conduct complained of was more than merely negligent but was of such a character that there was a complete failure to exercise care and that the failure to exercise care created an unreasonable risk of harm. Thus, we hold that the complaint contains sufficient allegations of reckless and wanton conduct. Accordingly, the trial court did not err in denying the motion for judgment on the pleadings as to the board.

### Assignment of Error 5

The Trial Court erred in denying [the employees] the benefits of statutory immunity under R.C. Chapter 2744 to the extent that they have been sued in their respective individual capacities.

{¶ 21} The three-tiered analysis of liability applicable to a political subdivision does not apply when determining whether an employee of the political subdivision will be liable for harm caused to an individual. *Cramer v. Auglaize Acres,* 113 Ohio St.3d 266, 2007-Ohio-1946, 865 N.E.2d 9, at ¶ 17. An employee of a political subdivision is immune from liability unless (1) the employee acted outside the scope of his or her employment or official responsibilities, (2) the employee acted with malicious purpose, in bad faith, wantonly, or recklessly, or (3) the Revised Code expressly imposes liability on the employee. R.C. 2744.03(A)(6)(a) through (c).

{¶ 22} Moss alleges that the employees are not immune from liability because they acted in a wanton or reckless manner with respect to the care and supervision of Jacob. We reiterate that wanton conduct is demonstrated by a "failure to exercise any care whatsoever" *Fabrey*, 70 Ohio St.3d at 356, 639 N.E.2d 31, and reckless conduct "creates an unreasonable risk of physical harm to another * * *." (Citation omitted.) *Thompson*, 53 Ohio St.3d at 104, 559 N.E.2d 705.

{¶ 23} In the complaint, Moss states that seven-year-old Jacob requires constant supervision because he suffers from Down syndrome, epilepsy, and attention deficit hyperactivity disorder and is prone to excited and dangerous behavior. Moss further states that the employees knew or should have known of the dangers posed by the kitchen in the classroom, especially a pot of hot coffee within reach of the students. In light of these circumstances, Moss claims that the employees' failure to adequately supervise Jacob was wanton and reckless and breached their duty to him. Specifically, Moss alleges that none of the employees in the classroom the day of the accident were even aware that Jacob had left the classroom area and entered the kitchen area.

{¶ 24} Accepting the above facts as true, *Dunfee*, 2009-Ohio-3406, 2009 WL 2005363, at ¶ 6, quoting *Pinkerton*, 174 Ohio App.3d 229, 2007-Ohio-6546, 881 N.E.2d 880, at ¶ 18, it is clear that the complaint contains sufficient allegations that the employees acted recklessly in that their failure to monitor Jacob in the classroom under circumstances where they appreciated the clear hazards posed by the kitchen area created at least an "unreasonable risk of physical harm" to the child. (Citation omitted.) *Thompson*, 53 Ohio St.3d at 104, 559 N.E.2d 705. Further, Moss has also alleged that the employees' conduct was wanton in light of the allegations that the employees essentially failed to exercise any care whatsoever. For example, Moss has alleged that none of the employees even knew where Jacob was at the time of the accident, that the employees violated school policy regarding the kitchen, and that the employees clearly appreciated the hazards posed by the kitchen. Thus, the complaint contains sufficient allegations from which the trier of fact could find that the complete lack of supervision by the employees fell so far below the standard of care that their actions could be found to be wanton. See *Fabrey*, 70 Ohio St.3d at 356, 639 N.E.2d 31. Accordingly, we conclude that the complaint contains sufficient factual allegations of reckless and wanton conduct on the part of the employees pursuant to R.C. 2744.03(A)(6)(b).

## Assignment of Error 3

The Trial Court erred in holding that [the employees] have not been sued in their respective official capacities only.

{¶ 25} The employees argue that the trial court erred in failing to hold that they have been named in their official capacities only. In support of their argument, the employees contend that because they were acting as employees of the board, and not as private persons, "only the three-tiered, political subdivision statutory immunity analysis applies in this case." Essentially, the employees argue that because they were acting in their official capacity as employees of the board, the exceptions to immunity under R.C. 2744.03(A)(6) do not apply. We do not agree.

{¶ 26} R.C. 2744.03(A)(6) provides as follows:

In a civil action brought against a political subdivision or an employee of a political subdivision to recover damages for injury, death, or loss to person or property allegedly caused by any act or omission in connection with a governmental or proprietary function, the following defenses or immunities may be asserted to establish nonliability:

In addition to any immunity or defense referred to in division (A)(7) of this section and in circumstances not covered by that division or sections 3314.07 and 3746.24 of the Revised Code, the employee is immune from liability unless one of the following applies:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner.

{¶ 27} Thus, an employee is immune from liability unless the employee's conduct was outside the scope of the employee's responsibilities or the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner. In the amended complaint, Moss alleges that the employees "are all employees and/or agents of the Board who had been responsible for monitoring and controlling Plaintiff Jacob Moss while he was attending 'circle time' in Classroom 5." Moss also alleged that the employees "recklessly and wantonly" failed to comply with existing policies relative to the duty of care owed to Jacob. The employees suggest that despite the specific statutory exception to immunity, the trial court was required to limit the assessment of the claims against the employees to the three-tiered analysis applicable to a political subdivision. However, the employees' argument ignores the plain language of R.C. 2744.03(A)(6), which clearly provides for specific exceptions to employee immunity.

## Assignment of Error 1

The Trial Court erred in failing to recognize that whether immunity from liability may be invoked under the Political Subdivision Tort Liability Act is a purely legal issue, properly determined by the court prior to trial.

{¶ 28} The board and the employees argue that the trial court erred in failing to recognize that immunity is a purely legal issue properly determined by the trial court before trial.

{¶ 29} In support of their argument, the board and the employees refer to that part of the trial court's journal entry that states, "[A]pplication of immunity and the exceptions to immunity as contained in the R.C. Chapter 2744 are mixed questions of fact and law." The board and the employees surmise that in light of this language, the trial court must have improperly evaluated their motion for judgment on the pleadings given that the trial court was required to accept all of the allegations of the complaint as true.

{¶ 30} Moss counters that the trial court did not err in its evaluation of the motion for judgment on the pleadings, but instead suggests that the trial court included this observation in its journal entry because the board and the employees repeatedly attempted to generate factual disputes in their motion for judgment on the pleadings rather than accepting all factual allegations in the complaint as true.

{¶ 31} In analyzing whether a trial court committed reversible error, we have held that we will not reverse the trial court if it reached the correct result, albeit for an incorrect reason. *State ex rel. Carter v. Schotten* (1994), 70 Ohio St.3d 89, 92, 637 N.E.2d 306 ("[A] reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof"). As we have determined in our de novo review that the motion for judgment on the pleadings was properly denied, we find that the first assignment of error is without merit.

### Assignment of Error 6

The Trial Court erred in not dismissing the loss of consortium claim as derivative of those in which [the board and the employees] enjoy the benefits of immunity under R.C. Chapter 2744.

{¶ 32} Finally, the board and the employees contend that the trial court should have dismissed Kim Moss's loss-of-consortium claim. "A claim for loss of consortium is derivative and, but for the primary cause of action by the plaintiff, would not exist." *Bradley v. Sprenger Ents., Inc.*, 9th Dist. No. 07CA009238, 2008-Ohio-1988, 2008 WL 1849649, at ¶ 14. Thus, Kim's cause of action for loss of consortium is derived from, and dependent upon, the personal-injury action that arose from the harm suffered by Jacob at Murray Ridge. The board argues that if Jacob has no cognizable claim against the board, the derivative claim must also fail. However, as we have determined that the complaint sets forth a cognizable claim against the board, the loss-of-consortium claim survives as well. See *Rigby v. Fallsway Equip. Co., Inc.*, 150 Ohio App.3d 155, 2002-Ohio-6120, 779 N.E.2d

1056, at ¶ 65 (reversing the trial court's grant of summary judgment in favor of Fallsway on Mr. Rigby's claim for intentional infliction of emotional distress and holding that Mrs. Rigby's loss-of-consortium claim also should survive summary judgment as it was supported by Mr. Rigby's claim against Fallsway).

## III

{¶ 33} We find that the complaint contains sufficient factual allegations to support the claim that the board and the employees are not immune from liability with respect to Jacob Moss's injuries. Thus, the trial court did not err in denying the motion for judgment on the pleadings. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

MOORE, P.J., and DICKINSON, J., concur.