[Cite as *Bulgrin v. Stow-Munroe Falls City School Dist. Bd. of Edn.*, 2020-Ohio-3348.]

IN THE COURT OF APPEALS OF OHIO
NINTH APPELLATE DISTRICT
SUMMIT COUNTY

Catherine M. Bulgrin

    Appellant

v.

Stow-Munroe Falls City School
District Board of Education

    Appellee

Court of Appeals No. CA-29600

Trial Court No. CV-2019-03-0970

**<u>DECISION AND JUDGMENT</u>**

Decided: June 17, 2020

* * * * *

Jack Morrison, Jr. and Thomas A. Marino II, for appellant.

G. Frederick Compton, Jr., Helen S. Carroll, and Leighann K.
Fink, for appellee.

* * * * *

**ZMUDA, P.J.**

## I. Introduction

{¶ 1} Appellant, Catherine Bulgrin, appeals the judgment of the Summit County Court of Common Pleas, granting appellee's, Stow-Munroe Falls City School District, motion for judgment on the pleadings.

## A. Facts and Procedural Background

{¶ 2} Appellant is the former treasurer of appellee pursuant to a five-year contract commencing on August 1, 2011. On March 12, 2019, appellant filed a complaint with the trial court, in which she asserted claims for breach of contract and declaratory relief. According to the complaint, a dispute arose between appellant and appellee during the course of appellant's employment, which gave rise to the prospect of litigation between the parties. The parties undertook settlement negotiations to resolve their dispute in lieu of litigation, culminating in the execution of a settlement agreement on November 5, 2015.

{¶ 3} According to the allegations contained in the complaint, appellant "fully performed all terms and conditions required of her under the [settlement agreement]." Despite appellant's alleged compliance with the terms of the settlement agreement, appellant alleged that appellee breached the settlement agreement by refusing to pay her for her accrued vacation and sick benefits, amounting to $38,622.60, upon her retirement. Consequently, appellant petitioned the court to "determine the existence or non-existence of a right to payment of the accrued vacation and sick benefits in dispute," and to award her damages in the amount of $38,622.60.

{¶ 4} On April 9, 2019, appellee filed its answer, in which it generally denied any liability with respect to the parties' settlement agreement and asserted an affirmative defense under Civ.R. 10(D)(1) based upon appellant's failure to attach a copy of the settlement agreement to her complaint.

2.

{¶ 5} Thereafter, on June 5, 2019, appellant filed an amended complaint, this time attaching a copy of the parties' settlement agreement. According to the terms of the settlement agreement, appellant was required to resign from her position as treasurer, and appellee was required to pay appellant "in accordance with the terms of her December 20, 2010 Employment Agreement." Moreover, the settlement agreement provides, in relevant part:

2. Effective upon execution of this Agreement, Bulgrin irrevocably resigns as Treasurer/CFO. Bulgrin's resignation will be submitted for BOE approval at the same time this Agreement is submitted for approval. It is agreed that her resignation is conditioned upon approval of this Agreement.

3. Effective upon execution of this Agreement, Bulgrin will become employed by the BOE in an advisory role to the BOE. In her advisory role, Bulgrin shall perform such duties and participate in special projects as the BOE may identify during the term of her employment. * * * It is also agreed that Bulgrin will hold the title of Consultant and that her salary and fringe benefits shall be as set forth herein. * * *

4. In consideration of the release and agreements set forth herein, upon execution of this Agreement, the BOE will pay Bulgrin in accordance with the terms of her December 20, 2010 Employment Agreement with the Stow-Munroe Falls City School District Board of Education ("Employment Agreement"). Beginning August 1, 2016, Bulgrin will utilize her vacation

3.

and sick leave benefits, consecutively, totaling 416 days, until expiration of 416 days.

Bulgrin is entitled to receive the fringe benefits set forth in the Employment Agreement from the effective date of this Agreement through July 31, 2016 * * *. Effective August 1, 2016, Bulgrin shall not receive any fringe benefits except sick leave, vacation leave, * * *, and hereby knowingly and irrevocably waives any and all fringe benefits, including but not limited to * * * the accrual of sick days, and the accrual, carry over, or payment for vacation days.

{¶ 6} On June 14, 2019, appellee filed its answer to appellant's amended complaint, denying any liability as asserted in the amended complaint. One month later, appellee filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). In its motion, appellee cited paragraph 4 of the settlement agreement and contended that appellant "waived the 'accrual of sick days,' as well as 'the accrual, carry over, or payment for vacation days' during her four hundred and sixteen (416) days as consultant to the Board," and thus appellant's request for payment of vacation and sick benefits that accrued during the 416-day period must fail. According to appellee, "there is absolutely no reading or interpretation of this [settlement agreement] which allows for the accrual of vacation and sick days, with payment for those days at the conclusion of Bulgrin's employment as a consultant."

4.

{¶ 7} On July 26, 2019, appellant filed her memorandum in opposition to appellee's motion for judgment on the pleadings. In her memorandum, appellant argued that the parties' settlement agreement was ambiguous as to her entitlement to compensation for sick leave and vacation leave. Appellant noted that paragraph 4 of the settlement agreement initially excludes sick leave and vacation leave from those fringe benefits that she forfeited by executing the agreement. Appellant argues that because paragraph 4 later provided that she knowingly and irrevocably waived the accrual of sick days and vacation days, an internal conflict within paragraph 4 exists, rendering paragraph 4 ambiguous. Insisting that parol evidence was required to resolve the ambiguity, appellant argued that her claims were not subject to disposition via a motion for judgment on the pleadings.

{¶ 8} Upon consideration of the parties' arguments, the trial court issued its order on appellee's motion for judgment on the pleadings on October 25, 2019. In its order, the trial court examined paragraph 4 of the settlement agreement and found that the agreement was clear and unambiguous. In so finding, the court explained:

> [T]he Agreement states Plaintiff shall receive 416 sick leave or vacation leave days after August 1, 2016. Additionally, as she is paid for these days, Plaintiff waived the accrual of sick days and the accrual, carry over, or payment for vacation days. Finally, the intent of the parties encapsulated in the agreement was to end their potential disputes, and to fully set forth the financial remunerations Plaintiff was to receive. To argue

that the Plaintiff continued to accrue sick and vacation leave is wholly inapposite to that intent. Consequently, the Court finds that these terms may not be reasonably understood in more than one way.

{¶ 9} Based upon the foregoing, the trial court found that appellant could prove no set of facts entitling her to recover the relief she sought in her complaint. Consequently, the trial court granted appellee's motion for judgment on the pleadings. Appellant's timely notice of appeal followed.

## B. Assignments of Error

{¶ 10} On appeal, appellant assigns the following error for our review:

I. The trial court erred by granting the Board's motion for judgment on the pleadings.

## II. Standard of Review

{¶ 11} "A motion for judgment on the pleadings by a defendant is considered a delayed motion to dismiss an action for failure to state a claim." *Moss v. Lorain Cty. Bd. of Mental Retardation*, 185 Ohio App.3d 395, 2009-Ohio-6931, 924 N.E.2d 401, ¶ 8 (9th Dist.), citing *Dunfee v. Oberlin School Dist.*, 9th Dist. Lorain No. 08CA009497, 2009-Ohio-3406, ¶ 6. Consequently, our standard of review regarding a trial court's ruling on a motion for judgment on the pleadings is de novo, and we afford no deference to the findings of the trial court. *Id.*, citing *Akron v. Frazier*, 142 Ohio App.3d 718, 721, 756 N.E.2d 1258 (9th Dist.2001). In reviewing the trial court's ruling, we confine our review to the pleadings, and we accept all factual allegations in the complaint as true, making all

6.

reasonable inferences in favor of the nonmoving party.  *Id.*, citing *Dunfee* at ¶ 6.

Ultimately, judgment on the pleadings is appropriate where it is clear that the nonmoving

party can prove no set of facts that would entitle that party to relief.  *Dunfee* at ¶ 6.

### III.  Analysis

{¶ 12} In her sole assignment of error, appellant argues that the trial court erred in

granting appellee's motion for judgment on the pleadings.

{¶ 13} In its decision granting appellee's motion for judgment on the pleadings,

the trial court determined that paragraph 4 of the parties' settlement agreement could only

be understood so as to bar appellant from receiving the relief she requested in her

complaint, namely payment for sick leave and vacation leave that accrued after August 1,

2016.

{¶ 14} The parties agree that paragraph 4 controls our analysis in this case.

However, appellant challenges the trial court's conclusion that paragraph 4 bars her

recovery as a matter of law.  She argues that paragraph 4 is ambiguous because it is

susceptible to more than one understanding and is internally inconsistent.[1]  Appellant

urges that this ambiguity presents unresolved questions of fact surrounding the parties'

understanding of paragraph 4 regarding her accrual of sick leave and vacation leave,

---

[1] Appellant also argues that the trial court employed the incorrect standard when it ruled on appellee's motion for judgment on the pleadings.  Having examined the trial court's decision carefully, it is evident that the trial court employed the appropriate standard. Moreover, any error in the trial court's analysis would be inconsequential to our decision here given our de novo review of the trial court's decision.

7.

thereby precluding the trial court from granting appellee's motion for judgment on the pleadings.

{¶ 15} The term "ambiguous" is defined as "capable of being understood in two or more possible senses or ways[.]" *Merriam-Webster's Collegiate Dictionary* 39 (11th Ed.2005). As this court has stated, "[o]nly if the terms of a contract may reasonably be understood in more than one sense can they be construed as ambiguous." *Town & Country Co-op, Inc. v. Sabol Farms, Inc.*, 9th Dist. Wayne No. 11CA0014, 2012-Ohio-4874, ¶ 15.

{¶ 16} For ease of discussion, we will again set forth the relevant portion of paragraph 4, as follows:

4. In consideration of the release and agreements set forth herein, upon execution of this Agreement, the BOE will pay Bulgrin in accordance with the terms of her December 20, 2010 Employment Agreement with the Stow-Munroe Falls City School District Board of Education ("Employment Agreement"). Beginning August 1, 2016, Bulgrin will utilize her vacation and sick leave benefits, consecutively, totaling 416 days, until expiration of 416 days.

Bulgrin is entitled to receive the fringe benefits set forth in the Employment Agreement from the effective date of this Agreement through July 31, 2016 * * *. Effective August 1, 2016, Bulgrin shall not receive any fringe benefits except sick leave, vacation leave, * * *, and hereby

8.

knowingly and irrevocably waives any and all fringe benefits, including but not limited to * * * the accrual of sick days, and the accrual, carry over, or payment for vacation days.

{¶ 17} Looking at the language employed by the parties in this provision, it is important to note the distinction that is made therein between the *receipt* of fringe benefits and the *accrual* of such benefits. As to the former, appellant was not entitled to *receive* any fringe benefits except her 416 days of sick leave and vacation leave, which were already accrued as of August 1, 2016, and would be used thereafter by appellant during the consultancy that began on August 1, 2016. As to the accrual of fringe benefits during the consultancy period, paragraph 4 provides that appellant "hereby knowingly and irrevocably waives any and all fringe benefits, including but not limited to * * * the *accrual* of sick days, and the *accrual*, carry over, or payment for vacation days." (Emphasis added.).

{¶ 18} When read as a whole, the meaning of paragraph 4 of the parties' settlement agreement is clear. Appellant was entitled to receive payout of her sick leave and vacation leave that accrued prior to August 1, 2016, during her consultancy, which was limited to 416 days because that was the length of time required to exhaust her preexisting fringe benefits. However, appellant was not entitled to the continued accrual of such fringe benefits while she was employed by appellee as a consultant. This is the only reasonable interpretation of the language contained in paragraph 4 of the parties' settlement agreement.

9.

{¶ 19} Because paragraph 4 is not capable of being understood in more than one sense, it is not ambiguous. Moreover, paragraph 4 is fatal to appellant's claim for payment of sick leave and vacation leave benefits that would have otherwise accrued during her consultancy with appellee. Indeed, appellant expressly waived any interest in such benefits in paragraph 4. Therefore, we find that the trial court appropriately concluded that appellant could prove no set of facts that would entitle her to relief, and we reject appellant's argument that the trial court erred in granting appellee's motion for judgment on the pleadings.

{¶ 20} Accordingly, appellant's sole assignment of error is not well-taken.

### IV. Conclusion

{¶ 21} In light of the foregoing, the judgment of the Summit County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 9th Dist.Loc.R. 9(A).

Arlene Singer, J.

Christine E. Mayle, J.

Gene A. Zmuda, P.J.
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

Judges Arlene Singer, Christine E. Mayle, and Gene A. Zmuda, Sixth District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.