Moyer, C.J.
I
{¶ 1} The First District Court of Appeals certified the following issue pursuant to Section 3(B)(4), Article IV of the Ohio Constitution and App.R. 25: “Is an order that denies a political subdivision the benefit of an alleged immunity from liability as provided in R.C. Chapter 2744 or any other provision of the law a final and appealable order when the order lacks a Civ.R. 54(B) certification?”
II
{¶ 2} George Sullivan, appellee, sued two parties: Anderson Township, appellant, and Ford Development Corporation, d.b.a. Trend Construction, an alleged subcontractor of Anderson Township. Sullivan averred that a road-widening project undertaken by the township and Trend Construction damaged his property. Sullivan’s claims against the township included breach of contract, negligence, and trespass.
*84 {¶ 3} The township answered by denying the substantive allegations of the complaint and asserting political-subdivision immunity under R.C. Chapter 2744 and other defenses. The township moved for judgment on the pleadings on the basis that even if the allegations in Sullivan’s complaint were true, they would not give rise to liability of the township, in part because of the immunity provided in R.C. Chapter 2744 for political subdivisions.
{¶ 4} The trial court granted the township’s motion in part and denied it in part. The trial court concluded that judgment on the pleadings was not wholly appropriate, because Sullivan had averred facts sufficient to sustain potential claims for breach of contract and negligence. But the trial court dismissed Sullivan’s claim for trespass and his request for punitive damages.
{¶ 5} The township appealed the order to the First District Court of Appeals, asserting that the trial court should have granted judgment on the pleadings on the basis of political-subdivision immunity. The court of appeals held that it lacked jurisdiction to hear the appeal, because a trial court order in a multiparty, multiclaim case that disposes of fewer than all the claims against all the parties and that does not make the express determination required by Civ.R. 54(B) that there is no just reason for delay is not a final, appealable order.
{¶ 6} The court of appeals acknowledged our holding in Hubbell v. Xenia that “when a political subdivision or its employee seeks immunity, an order that denies the benefit of an alleged immunity is a final, appealable order pursuant to R.C. 2744.02(C).” Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 2. It distinguished this case from Hubbell by noting that this case has multiple defendants, which is when Civ.R. 54(B) applies, and Hubbell did not.
{¶ 7} The court of appeals certified that its holding in this case conflicted with the decision of the Fourth District Court of Appeals in Drew v. Laferty (June 1, 1999), Vinton App. No. 98CA522, 1999 WL 366532. We recognized the conflict, accepted the township’s appeal, and consolidated the cases. Sullivan v. Anderson Twp., 118 Ohio St.3d 1460, 2008-Ohio-2823, 888 N.E.2d 1112.
Ill
{¶ 8} The certified issue requires us to answer an often asked question — Is this order a final, appealable order? Ordinarily, Civ.R. 54(B) requires that a trial court order that disposes of fewer than all claims against all parties in a multiparty and/or multiclaim lawsuit include a determination that “there is no just reason for delay” for the order to be deemed a final, appealable order.
{¶ 9} R.C. 2744.02(C) provides: “An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order.” The tension between Civ.R. 54(B) and the statute is demonstrated in this *85 case. Here, the trial court’s order denied the township the benefit of an alleged immunity in a multiparty, multiclaim lawsuit, but that order did not include the language required by Civ.R. 54(B), that “there is no just reason for delay.” Thus, the issue in this case is whether an order that denies the benefit of an alleged immunity to a political subdivision is a final, appealable order under R.C. 2744.02(C) in a multiclaim, multiparty lawsuit, when it lacks the Civ.R. 54(B) certification that “there is no just reason for delay.” We hold that such an order is a final, appealable order.
{¶ 10} In this case, we need not apply the general rules for determining whether an order is final and appealable. The general rules regarding final, appealable orders in multiparty and/or multiclaim cases involve the tandem of R.C. 2505.02(B) for substance and Civ.R. 54(B) for procedure. Noble v. Colwell (1989), 44 Ohio St.3d 92, 97, 540 N.E.2d 1381. Under the general rules, a court first applies R.C. 2505.02(B) to determine whether the order “affects a substantial right and whether it in effect determines an action and prevents a judgment.” Wisintainer v. Elcen Power Strut Co. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. If the court of appeals determines that the trial court order is final under R.C. 2505.02, the next step is to determine whether the trial court certified the order with the language of Civ.R. 54(B) — “there is no just reason for delay.” Wisintainer, 67 Ohio St.3d at 354-355, 617 N.E.2d 1136; Noble, 44 Ohio St.3d at 97, 540 N.E.2d 1381. The use of Civ.R. 54(B) certification by a trial court is discretionary. Id. at 96-97, 540 N.E.2d 1381, and fn. 7.
{¶ 11} In the ordinary case, Civ.R. 54(B) certification demonstrates that the trial court has determined that an order, albeit interlocutory, should be immediately appealable, in order to further the efficient administration of justice and to avoid piecemeal litigation or injustice attributable to delayed appeals. Wisintainer, 67 Ohio St.3d at 356-357, 617 N.E.2d 1136; Noble, 44 Ohio St.3d at 96, 540 N.E.2d 1381.
{¶ 12} Here, however, no such determination by the trial court is necessary; the General Assembly has expressly made that determination with the enactment of R.C. 2744.02(C), which makes final an order denying a political subdivision the benefit of an alleged immunity from liability. Hubbell, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 27. Therefore, there is no reason for a trial court to certify under Civ.R. 54(B) that “there is no just cause for delay.” When the denial of political-subdivision immunity is concerned, the trial court has no discretion to determine whether to separate claims or parties and permit an interlocutory appeal.
{¶ 13} For the foregoing reasons, we hold that R.C. 2744.02(C) permits a political subdivision to appeal a trial court order that denies it the benefit of an *86 alleged immunity from liability under R.C. Chapter 2744, even when the order makes no determination pursuant to Civ.R. 54(B).
IV
{¶ 14} We answer the certified question in .the affirmative and reverse the judgment of the court of appeals. The court of appeals decided this case on jurisdictional grounds and declined to address the merits of the township’s assignment of error. Therefore, this cause is remanded to the court of appeals for consideration of the merits of the assignment of error.
Judgment reversed and cause remanded.
Lundberg Stratton, O’Connor, O’Donnell, and Cupp, JJ., concur.
Pfeifer and Lanzinger, JJ., dissent.