[Cite as *Boske v. Massillon City School Dist.*, 2011-Ohio-580.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| MICHAEL BOSKE, ET AL | : | Hon. W. Scott Gwin, P.J. |
| | : | Hon. Sheila G. Farmer, J. |
| Plaintiffs-Appellees/Cross-Appellants | : | Hon. John W. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 2010-CA-00120 |
| MASSILLON CITY SCHOOL | : | |
| DISTRICT, ET AL | : | |
| | : | O P I N I O N |
| Defendant | | |

GARY MCPHERSON, ET AL

Defendants-Appellants/Cross-Appellees


CHARACTER OF PROCEEDING:     Civil appeal from the Stark County Court of
                             Common Pleas, Case No. 2009CV03537


JUDGMENT:                    Affirmed in part; Reversed in part and
                             Remanded


DATE OF JUDGMENT ENTRY:      February 7, 2011



APPEARANCES:

For Plaintiffs-Appellees                For Defendants-Appellants

BRIAN L. ZIMMERMAN                      KRISTA KEIM
STACIE L. ROTH                          SHERRIE C. MASSEY
Schulman, Zimmerman & Associates        KATHRYN I. PERRICO
236 Third Street S.W.                   Britton, Smith, Peters & Kalail Co., LPA
Canton, OH 44702                        3 Summit Park Drive, Ste. 400
                                        Cleveland, OH  44131-2582

*Gwin, P.J.*

{¶1} Defendants-appellants Gary McPherson, individually and in his capacity as a principal in the Massillon City School District; Joe Andaloro, individually and in his official capacity as principal of Massillon City School District; Joi Letcavits, individually and in her official capacity as a guidance counselor in the Massillon City School District; and Fred Blosser in his official capacity as Superintendent of the Massillon City School District appeal a judgment of the Court of Common Pleas of Stark County, Ohio, which found they were not entitled to immunity as employees of a political subdivision pursuant to R.C. 2744.02. Appellants assign a single error to the trial court:

{¶2} "I. THE TRIAL COURT ERRED IN OVERRULING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, DENYING THE INDIVIDUAL DEFENDANTS FRED BLOSSER, GARY MCPHERSON, JOSEPH ANDALORO, AND JOI LETCAVITS STATUTORY IMMUNITY FROM LIABILITY ON PLAINTIFF'S CLAIMS UNDER OHIO REVISED CODED SECTION 2744.03(A)(6)."

{¶3} Appellees-cross-appellants are Michael Boske as guardian ad litem of Jane Doe, a minor, and Jennie Doe, the natural mother of Jane Doe. They assign a single error in cross:

{¶4} "I. THE TRIAL COURT ERRED IN DISMISSING APPELLANT'S CAUSE OF ACTION AGAINST APPELLEES FOR FAILING TO REPORT CHILD ABUSE."

{¶5} On September 15, 2009, Boske and Jennie Doe filed a complaint against the above appellants, and the Massillon City School District, the Board of Education of the Massillon City School District, and the individual members of the Massillon City School District Board of Education. The complaint alleged appellant McPherson was

the principal of the Massillon City School District and appellant Andaloro was the eighth grade principal in the Massillon City School District. The complaint alleged in February 2007, Jane Doe was a student enrolled in the eighth grade class in the Massillon City School District. Jane was experiencing problems, and her parents met with appellants Andaloro and McPherson on separate occasions to inform them Jane was experiencing an interest in or an attraction toward older males. The parents asked Andaloro and McPherson to contact them should the school personnel notice any of these problems arising in the school.

{¶6} Sometime thereafter Jane began having an inappropriate relationship with a male teacher, Frank Page, whose classroom was located across from the principal's office. The complaint alleges the relationship between Jane and Page began earlier in the school year, but from February 2007 through May 2007, Jane would visit Page every day in his classroom, even though he was not her teacher, and he would shut and lock the door. The complaint alleged during these encounters, Page and Jane would engage in extensive hugging, kissing and caressing. In late February or early March 2007, appellant Joi Lecavits, the guidance counselor, and appellant Andaloro met with Jane to question her about rumors she had spent the night with Page and was pregnant with his child. Appellants Andaloro and/or McPherson also questioned Page on a number of occasions about the rumors and instructed him to stay away from Jane. Boske and Doe allege the appellants made no further investigation and did not notify any authorities, such as the Children's Services Board or the local police department.

{¶7} On or about May 29, 2007, Jane's father received a call from the Massillon Police Department informing him Jane had been missing from school for

approximately 35 minutes. The parents met with appellants, who informed them Jane had been in Page's classroom. Appellants also informed the parents surveillance had captured Jane's presence in Page's room on six different occasions in a two-week period.

{¶8} Incorporating the above allegations, Boske and Doe brought five causes of action: (1) Failure to report child abuse by McPherson, Andaloro, and/or Letcavits; (2) Intention infliction of emotional distress by McPherson, Andaloro, and Letcavits; (3) Reckless retention of Page by the Massillon City School District, the School District Board of Education, McPherson, Andaloro, and Blosser; (4) Reckless supervision of Page by the Massillon City School District, City School District Board of Education, McPherson, Andaloro and Blosser; and (5) Punitive damages.

{¶9} The various defendants filed a motion for judgment on the pleadings, and the court found as to the individual employee defendants, the complaint alleged sufficient facts, which, if proven, excluded them from immunity. The trial court dismissed the Massillon City School District, finding that it was not a legal entity capable of being sued. The court also dismissed the Board of Education and the individual members. These are not parties to this appeal.

{¶10} The court also determined the version of R.C. 2151.281(B) in effect in 2007 did not provide for civil liability for failure to report child abuse. The court dismissed that portion of the complaint.

{¶11} We will address the appeal first.

{¶12} In ruling on a motion for judgment on the pleadings, the trial court must construe the material allegations in the complaint and any reasonable inferences drawn

therefrom in favor of the plaintiff. If it finds the plaintiff can prove no set of facts entitling the plaintiff to relief, then the court must sustain a motion for judgment on the pleadings. *Hester v. Dwivedi,* 89 Ohio St. 3d 575, 2000 -Ohio- 230, 733 N.E.2d 1161. However, the complaint must allege sufficient facts to support any conclusions, and unsupported conclusions are not presumed to be true. *Barnsville Education Association v. Barnsville Exempted Village School District Board of Education,* 7th District App. No. 06BE32, 2007-Ohio-1109, citations deleted.

**{¶13}** In *Sullivan v. Anderson Township,* 122 Ohio St. 3d 83, 2009-Ohio-1971, 909 N.E.2d 88, the Supreme Court found an order overruling a political entity or its employees' motion for judgment on the pleadings is a final appealable order, even if it is granted only in part. This court must review the trial court's decision regarding political subdivision's immunity de novo. *Moss v. Lorain County Board of Mental Retardation,* 185 Ohio App.3d 395, 2009-Ohio-6931 924 N.E.2d 401. This means we must independently review the record and draw our own conclusions without giving deference to the trial court's determination.

**{¶14}** Appellants urge that while Ohio only requires notice pleading, a complaint must still set forth operative facts and contain more than legal conclusions. They cite us to *Gallo v. Westfield National Insurance Company,* 8th App. Dist., 2009-Ohio-1094. The *Gallo* court relied on the United States Supreme Court's recent case of *Bell Atlantic Corporation v. Twombly* (2007), 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929. The *Twombly* case held a plaintiff can defeat a motion to dismiss if there is a set of facts consistent with the complaint that would allow the plaintiff to recover. The mere incantation of an abstract legal standard is insufficient, and, the claims set forth in the

complaint must be plausible rather than merely conceivable. The plaintiff has an obligation to set out the grounds for the claim for relief using more than labels or conclusions, and a mere recitation of the elements of the cause of action is insufficient. The U.S. Supreme Court found the factual allegations must be sufficient to raise the right to relief above a speculative level.

{¶15} The U.S. Supreme Court enlarged on the *Twombly* standard in *Ashcroft v. Iqbal* (2009), 129 S. Ct. 1937, 173 L. Ed. 2d 868. In *Iqbal*, the Supreme Court found notice pleading required more than a mere allegation of harm, but somewhat less than detailed factual allegations. If there are factual allegations, the trial court should assume the veracity and determine whether it is plausible that the plaintiff is entitled to relief. Appellants argue Boske and Doe's complaint against them is nothing more than generic labels and legal conclusions, and the court erred in not sustaining their motion for judgment on the pleadings.

{¶16} R.C. 2744.03 grants school administrators and staff immunity from liability for personal injury unless one of the following applies: (a) the employee's acts or omissions were manifestly outside of the scope of the employee's employment or official responsibilities; (b) the employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner; or (c) civil liability is expressly imposed upon the employee by a section of the Revised Code. School employees are not liable for mere negligence, but are liable if they show a wanton, reckless or malicious act or an act done in bad faith. *Winkle v. Zettler Funeral Homes, Inc.,* 182 Ohio App. 3d 195, 2009-Ohio-1724, 912 N.E. 2d 151.

{¶17} The trial court found Boske and Doe alleged the individual employee defendants acted in a wanton or reckless manner when they failed to exercise supervision and control over Page. The court found in construing the allegations in a light most favorable to Boske and Doe, there were sufficient facts alleged which, if proven, would exclude appellants McPherson, and Andaloro, Letcavits, and/or Blosser from immunity. We agree in part.

{¶18} The complaint alleges specific acts and omissions of McPherson, Andaloro, and Letcavits. However, the complaint does not allege any acts or omissions on the part of Blosser. Although Blosser is responsible for supervising, hiring, and retaining teachers, the only allegation as to Blosser is that he breached his duty by employing and retaining Page when he knew or should have known Page had a propensity to engage in improper sexual contact with students. We find the allegations are insufficient to state a cause of action against Blosser.

{¶19} The assignment of error is sustained in part, as to appellant Blosser, and overruled in part as to McPherson, Andaloro and Letcavits.

{¶20} Next, we address the cross-appeal, which alleges the trial court erred in finding Boske and Doe had no cause of action against any of the defendants for failing to report child abuse. The trial court found R.C. 2151.281 does not impose civil liability for persons who are statutorily required to report child abuse. The court noted R.C. 2151.421 (M), which was effective April 7, 2009, now imposes civil liability on anyone who violates a duty to report child abuse. Prior to this addition, the Code did not provide for civil penalties.

{¶21} We conclude the court correctly found it could not apply the statute retroactively. *Roe v. Planned Parenthood,* 122 Ohio St. 3d 399, 2009-Ohio-2973, 912 N.E.2d 61, syllabus 2 by the court. The court further stated "***former R.C. 2151.421 is silent as to any damages. We cannot insert words into a statute. Instead, we must give effect only to the words used. *Rice*, [*v. CertainTeed Corp.*] 84 Ohio St.3d at 419, 704 N.E.2d 1217. The General Assembly did not include a provision for civil damages in the former version of the statute, much less punitive damages. Without express authority for such an award, we are constrained by the statutory language. *O'Toole v. Denihan,* 118 Ohio St.3d 374, 2008-Ohio-2574, 889 N.E.2d 505, ¶ 67." *Planned Parenthood,* supra, at paragraph 42.

{¶22} We agree with the trial court the law in effect at the time the allegations occurred did not provide for civil liability for failing to report child abuse or neglect.

{¶23} The cross-assignment of error is overruled.

{¶24} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, as to appellant Blosser, and the cause is remanded to the court for further proceedings in accord with law.

By Gwin, P.J.,

Farmer, J., and

Wise, J., concur

_____

HON. W. SCOTT GWIN

_____

HON. SHEILA G. FARMER

_____

HON. JOHN W. WISE

WSG:clw 0121

[Cite as *Boske v. Massillon City School Dist.*, 2011-Ohio-580.]

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MICHAEL BOSKE, ET AL | : | |
| Plaintiffs-Appellees/Cross-Appellants | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| MASSILLON CITY SCHOOL DISTRICT, ET AL | : | |
| | : | |
| Defendant | : | |
| | : | |
| GARY MCPHERSON, ET AL | : | CASE NO. 2010-CA-00120 |
| Defendants-Appellants/Cross-Appellees | | |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed in part and reversed in part, as to appellant Blosser, and the cause is remanded to the court for further proceedings in accord with law and consistent with this opinion. Costs to be split between the parties.

_____
HON. W. SCOTT GWIN

_____
HON. SHEILA G. FARMER

_____
HON. JOHN W. WISE