[Cite as *Nolen v. Rase*, 2012-Ohio-4144.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

CARL NOLEN, et al.,

                                                               :

    Plaintiffs-Appellants,                    Case No.  12CA3463

                                                                 :

    vs.

                                                                  :

MICHAEL RASE, et. al.,       DECISION AND JUDGMENT ENTRY    :

    Defendants-Appellees.

_____

APPEARANCES:

COUNSEL FOR APPELLANTS:    Shane A. Tieman, 707 Sixth Street, P.O. Box 1365,
                                        Portsmouth, Ohio 45662

COUNSEL FOR APPELLEES:    Robert R. Dever, Bannon, Howland & Dever Co., L.P.A.,
                                       602 Chillicothe Street, Ste. 325, Portsmouth, Ohio 45662

CIVIL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 9-7-12
ABELE, P.J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment in favor of

Michael Rase and Deborah Rase, defendants below and appellees herein, on their counterclaim

against Carl Nolen and Sue Nolen, plaintiffs below and appellants herein.

{¶ 2} Appellants assign the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN ITS METHOD OF APPLYING
THE LAW OF ADVERSE POSSESSION[.]"

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT'S FINDING THAT THE
DEFENDANT-APPELLEES HAD ADVERSELY POSSESSED
THE PROPERTY WAS AGAINST THE MANIFEST WEIGHT
OF THE EVIDENCE[.]"

{¶ 3} The parties are contiguous landowners. The center of their dispute is a two foot strip of land that runs along the border between their properties. Appellants commenced the instant action on September 21, 2010 and sought to quiet title in their favor. Their complaint also asserts that appellees trespassed on the disputed strip of land, and in doing so were unjustly enriched. Appellants requested both compensatory and punitive damages.

{¶ 4} Appellees denied liability and counterclaimed for a judgment that acknowledged that they acquired title to the disputed land through adverse possession. Appellants denied liability on the counterclaim. In August 2011, with leave of court, appellees filed an amended counterclaim that charged that appellants did something to kill the grass on their side of the property. Appellees asked for $1,800 in compensatory damages, as well as punitive damages.

{¶ 5} The matter came on for a bench trial on October 21, 2011 and the trial court issued its judgment on December 12, 2012 and found in favor of appellees on the first part of their counterclaim. The trial court ruled "[t]here is no doubt from the testimony herein that the Defendants acted like owners of the land" in excess of the period necessary to establish title by adverse possession. The trial court, however, made no ruling on appellees' counterclaim regarding the destruction of grass on their side of the property line. The court did include in its entry the finding "no just cause for delay." This appeal followed.

{¶ 6} Before we address the merits of appellants' assignments of error, we must first

resolve a threshold jurisdictional issue. Ohio courts of appeals have appellate jurisdiction over "final appealable orders." Section 3(B)(2), Article IV of the Ohio Constitution. If a judgment appealed is not a final order, an appellate court has no jurisdiction to consider it and the appeal must be dismissed. See *Davison v. Rini*, 115 Ohio App.3d 688, 692, 686 N.E.2d 278 (4th Dist. 1996); *Prod. Credit Assn. v. Hedges*, 87 Ohio App.3d 207, 210, 621 N.E.2d 1360 (4th Dist. 1993); *Kouns v. Pemberton*, 84 Ohio App.3d 499, 501, 617 N.E.2d 701 (4th Dist. 1992). Furthermore, if the parties themselves do not raise a jurisdictional issue on appeal, an appellate court is required to raise them sua sponte. See *In re Murray*, 52 Ohio St.3d 155, 159-160, 556 N.E.2d 1169, at fn. 2 (1990); *Whitaker-Merrell v. Geupel Co.*, 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

**{¶ 7}** A final order is one that, inter alia, affects a substantial right and, in effect, determines the judgment.[1] However, when there are multiple "claims," as is the case here, a judgment must also satisfy the Civ.R. 54(B) requirements. *State ex rel. Scruggs v. Sadler*, 97 Ohio St.3d 78, 2002–Ohio–5315, 776 N.E.2d 101, at ¶5; *Noble v. Colwell*, 44 Ohio St.3d 92, 540 N.E.2d 1381 (1989), at the syllabus. A judgment satisfies Civ.R. 54(B) only "upon an express determination that there is no just reason for delay ..."

**{¶ 8}** In the case sub judice, the jurisdictional issue is that the trial court did not resolve appellees' claim for damage inflicted to their grass. The court did, however, make a Civ.R. 54(B) "finding of no just reason for delay." Is this sufficient? We believe it is not for the following reasons.

---

[1] An action for quiet title is not a special proceeding, see *Burkitt v. Shepherd*, 4th Dist. No. 03A714, 2004-Ohio-1754, at ¶8, fn. 4, and, thus, we rely on subsection (B)(1) of R.C. 2505.02 in determining the subject judgment's finality.

{¶ 9}    Generally, a trial court's finding of "no just reason for delay" is entitled to deference on appellate review.   That finding, however, should be made when it serves the interests of judicial economy such as avoiding piecemeal appeals. See *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, at ¶10;   *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 355, 617 N.E.2d 1136 (1993).   When the interests of judicial economy are not served, a trial court's Civ.R. 54(B) finding is subject to reversal. *Hill v. Hughes*, 4th Dist. No. 06CA2917, 2007-Ohio-3885, at ¶8, fn. 3; *Bell Drilling & Producing Co. v. Kilbarger Const., Inc.* 4th Dist. No. 96CA23, 1997 WL 361025 (Jun. 26, 1997).   This case is one of those rare cases in which we believe the trial court's finding should be reversed.

{¶ 10} The primary claim in the instant case is the determination of who owns the disputed land between the two properties.   The trial court decided that appellees acquired the land by adverse possession.   For all intents and purposes, this determined the "damaged grass" claim as well.   Although not styled as such in their counterclaim, appellees sought damages for the trespass to their land.   A decision that the disputed strip of land belonged to them would appear to be a sub silento judgment in their favor on the trespass claim as well.   Furthermore, the transcript reveals no actual dispute as to this issue.   Appellant Carl Nolen admitted that he used "Roundup" on the grass strip, but denied using other chemicals to kill the grass.   He further denied that he did this to intimidate appellees.   Various pictures of the dead grass were introduced into evidence and those pictures prompted the trial court to remark to Nolen that his use of the "Roundup" "made such an ugly scar on the land."   Nolen conceded "[i]t did," but explained that was under the impression that the strip of land was on his property.   Ryan Rase, appellees' son, testified that Nolen never did anything like this before and only sprayed

"Roundup" in this manner after the commencement of the lawsuit.   Appellee Michael Rase confirmed his son's testimony on that point.

{¶ 11} In light of this evidence, as well as the trial court's finding on the adverse possession claim, we believe that a decision should have been made on the trespass claim for damaged grass.   By finding that the appellees owned the disputed strip of grass, the trial court appears to have already decided the issue, but has not addressed the remedy of damages.   Thus, we do not agree that a finding of "no just reason for delay" serves the interest of judicial economy.   Rather, to allow an appeal on the adverse possession claim and a second appeal on the trespass claim promotes the piecemeal appeal process frowned upon in   *Wisintainer*.

{¶ 12} For these reasons, we hereby vacate the trial court's finding of "no just reason for delay," and until there is a final resolution of the trespass and damaged grass claim, no final appealable order exists in the case sub judice.   Consequently, this appeal is hereby dismissed.

APPEAL DISMISSED.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County

Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the

Rules of Appellate Procedure.

Harsha, J. & Kline, J.: Concur in Judgment & Opinion

For the Court

BY:_____
Peter B. Abele
Presiding Judge

NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.