[Cite as *Sites v. Alcohol, Drug Addiction & Mental Health Servs.*, 2014-Ohio-1819.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| MELISSA D. SITES, | : | |
| Plaintiff-Appellee, | : | Case No. 13CA3547 |
| vs. | : | |
| ADAMHS et al., | : | DECISION AND JUDGMENT ENTRY |
| Defendants-Appellant. | : | |

_____

APPEARANCES:

COUNSEL FOR APPELLANT:    McNEES WALLACE & NURICK LLC, Samuel N. Lillard
and Anthony D. Dick, 21 East State Street, 17th Floor,
Columbus, Ohio 43215

COUNSEL FOR APPELLEE:    James H. Banks, P.O. Box 40, Dublin, Ohio 43017

_____

CIVIL CASE FROM COMMON PLEAS COURT
DATE JOURNALIZED: 4-10-14

ABELE, P.J.

{¶ 1} This is an appeal from a Scioto County Common Pleas Court judgment that partially denied the summary judgment motion filed by defendant below and appellant herein, the Alcohol, Drug Addiction and Mental Health Services Board of Adams, Lawrence, and Scioto Counties (ADAMHS). Appellant assigns the following errors for review:

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN FAILING TO FIND THAT
APPELLANT ADAMHS IS IMMUNE FROM SUIT UNDER
THE OHIO COURT OF CLAIMS ACT AND THE OHIO
POLITICAL SUBDIVISION TORT LIABILITY ACT."

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN
CONCLUDING THAT APPELLEE HAS A VIABLE

RETALIATION CLAIM TO BE LITIGATED AGAINST
APPELLANT ADAMHS."

{¶ 2}   On April 21, 2011, Melissa D. Sites, plaintiff below and appellee herein, filed a complaint against appellant and four of appellant's board members in their individual and official capacities.   Appellant and the board members subsequently requested for summary judgment. They argued, inter alia, that (1) under R.C. Chapter 2743, appellant is immune from being sued in common pleas court; and (2) the individual board members are immune from suit.   Appellant, however, did not argue that it is immune from liability under R.C. Chapter 2744.

{¶ 3}   On March 18, 2013, the trial court partially granted and partially denied appellant's summary judgment motion.   The court rejected appellant's argument that it is immune from being sued in common pleas court.   The court explained:

> "[Appellant] cites this Court to R.C. 2743.01 through R.C. 2743.03 and claims this action must be brought in the Court of Claims.   This Court finds that ADAMHS Board does not fall under the protection of R.C. 2743.01(A).   This Court specifically finds that an ADAMHS Board is a county agency. * * * As a result, this Court finds the ADAMHS Board is not a state agency immune from suit in state court."

The court thus concluded that it had jurisdiction over appellee's suit against appellee.   The court agreed, however, with appellant's assertion that the individual board members are immune from liability under R.C. 340.03(D).   The court further agreed that appellant is entitled to summary judgment regarding all of appellee's claims, except her retaliation claim.

{¶ 4}   Appellant subsequently appealed the part of the trial court's judgment that denied appellant summary judgment.   Appellant contended that the court's decision to deny summary judgment is a final, appealable order under R.C. 2744.02(C).

{¶ 5}   On January 31, 2014, this court directed the parties to file supplemental briefs to address whether the trial court's decision to deny appellant summary judgment constitutes a final,

appealable order.   Specifically, we ordered the parties to address whether the court's decision that appellant can be sued in common pleas court, as opposed to the Court of Claims, is (1) "[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in [R.C. Chapter 2744] or any other provision of the law" under R.C. 2744.02(C), or (2) if it is a decision determining that the Court of Claims does not have exclusive jurisdiction under R.C. 2743.03(A)(1) and that appellant is not immune from being sued in the court of common pleas.

{¶ 6}   In its supplemental brief, appellant asserts that the trial court's decision is a final, appealable order under R.C. 2744.02(C).   Appellant asserts that "the trial court erred in failing to find that it was immune from suit under * * * R.C. Chapter 2744."   Appellant additionally argues: (1) "Alternatively, [p]ursuant to R.C. 340.03(D) and R.C. 2744.03(A)(3), ADAMHS is a Political Subdivision that is Immune From Suit Related to Any Action or Inaction by a Board Member or ADAMHS Employee Taken Within the Scope of the Board, the Board Member's Official Duties or Employee's Employment;" and (2) "Under Well-Settled Principles of Statutory Construction, the More Specific Language Contained in R.C. 340.03(D) Trumps the General, Contradictory Language Contained in R.C. 2744.09(B) and (C)."   We observe that appellant did not specifically argue any of these issues in its appellate brief.

{¶ 7}   In her supplemental brief, appellee asserts that the trial court did not deny appellant the benefit of an alleged immunity from liability under R.C. Chapter 2744 and, thus, the trial court's decision to deny appellant summary judgment is not a final, appealable order. Appellee contends that appellant limited its argument in its appellate brief to whether it is immune from being sued in common pleas court under R.C. 2743.01(A), and did not argue that it was immune from liability under R.C. Chapter 2744.

{¶ 8}  Appellate courts "have such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]"  Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.03(A). If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss the appeal.  E.g., State v. Anderson, — Ohio St.3d —, 2014-Ohio-542, — N.E.3d —, 2014WL642634, ¶28; Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶10; General Acc. Ins. Co. v. Ins. Co. of N. America, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).  In the event that the parties involved in the appeal do not raise the jurisdictional issue, an appellate court must sua sponte raise it.  Chef Italiano Corp. v. Kent State Univ., 44 Ohio St.3d 86, 541 N.E.2d 64 (1989), syllabus; Whitaker–Merrell v. Geupel Construction Co., 29 Ohio St.2d 184, 186, 280 N.E.2d 922 (1972).

{¶ 9}  Ordinarily, a decision to deny summary judgment is not a final order.  Celebrezze v. Netzley, 51 Ohio St.3d 89, 90, 554 N.E.2d 1292 (1990).  However, a trial court's order to deny summary judgment on the basis of sovereign immunity is a final order.  R.C. 2744.02(C); Riscatti v. Prime Properties Ltd. Partnership, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶18; Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶11; Sullivan v. Anderson Twp., 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, syllabus; Hubbell v. Xenia, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, syllabus.  R.C. 2744.02(C) explicitly states that an order denying "a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶ 10}  In the case sub judice, the trial court's decision to deny appellant summary judgment does not deny appellant the benefit of R.C. Chapter 2744 immunity.  Instead, the court

determined that R.C. Chapter 2743.01 does not apply so as to give the court of claims exclusive

jurisdiction over appellee's action.

{¶ 11} R.C. 2743.02(A)(1) provides:

"The state hereby waives its immunity from liability * * * and consents to be sued, and have its liability determined, in the court of claims created in this chapter in accordance with the same rules of law applicable to suits between private parties * * *."

R.C. 2743.03(A)(1) gives the court of claims "exclusive, original jurisdiction of all civil actions

against the state permitted by the waiver of immunity contained in section 2743.02 of the

Revised Code."

{¶ 12} Neither of the foregoing statutes gives the state immunity from liability. Instead,

the two statutes outline when the court of claims has jurisdiction. A finding that the court of

claims does not have exclusive jurisdiction is not the same as denying a political subdivision the

benefit of an alleged R.C. Chapter 2744 immunity. In fact, it is not an immunity from liability

question at all. Rather, it is a matter regarding which court has jurisdiction over the action.

{¶ 13} Moreover, appellant did not explicitly argue during the trial court proceedings that

it is immune from liability under R.C. Chapter 2744. Instead, appellant chose to focus on R.C.

Chapter 2743 and to argue that appellant is a state entity that cannot be sued in common pleas

court.

{¶ 14} Additionally, appellant did not specifically argue in its appellate brief that it is

immune from liability under R.C. Chapter 2744. Appellant's first assignment of error focuses

upon the Ohio Court of Claim Act and whether appellant is immune from suit in common pleas

court. Although the text of appellant's first assignment of error mentions the "Ohio Political

Subdivision Tort Liability Act," appellant does not argue in the body of its appellate brief that it

is immune from liability under the Act. Instead, appellant's first assignment of error is

dedicated to arguing that it is a state instrumentality immune from suit in the common pleas court.    The only place appellant mentions any code provision from R.C. Chapter 2744 is when it attempts to show that the trial court's decision to deny summary judgment is a final, appealable order.    Appellant states: "Pursuant to R.C. 2744.02(C), '[a]n order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order' and is immediately appealable."    Appellant otherwise makes no argument that it is a political subdivision immune from liability under R.C. Chapter 2744.    In fact, appellant does not even argue that it is a political subdivision.    Rather, appellant contends that it is "an instrumentality of the state."

{¶ 15} Consequently, the R.C. 2744.02(C) exception does not apply in the case at bar. Furthermore, appellant has not identified any other exception to the general rule that the denial of a summary judgment motion is not a final, appealable order.[1]

{¶ 16} Accordingly, based upon the foregoing reasons, we hereby dismiss this appeal for lack of a final, appealable order.

APPEAL DISMISSED.

---

[1]    Although the trial court declared its judgment to be a final, appealable order, "the trial court's own self-determination that it is issuing a final order does not dispose of the question."    George v. State, 10th Dist. Franklin Nos. 10AP-4 and 10AP-97, 2010-Ohio-5262, ¶11.

JUDGMENT ENTRY

It is ordered that the appeal be dismissed and that appellees recover of appellants costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & *Powell, J.: Concur in Judgment & Opinion

For the Court

BY:_____

Peter B. Abele
Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.

Judge Michael Powell, Twelfth District Court of Appeals, sitting by assignment of the Ohio Supreme Court in the Fourth Appellate District.