[Cite as *Gen. Elec. Credit Union v. Meadows*, 2015-Ohio-5480.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| GENERAL ELECTRIC CREDIT UNION, f.k.a. GENERAL ELECTRIC EVENDALE EMPLOYEES FEDERAL CREDIT UNION, | : | APPEAL NO. C-150230 |
| | : | TRIAL NO. A-1308506 |
| | : | |
| Plaintiff-Appellee, | : | *O P I N I O N.* |
| | : | |
| vs. | : | |
| | : | |
| SHARON K. MEADOWS, | : | |
| Defendant-Appellant. | : | |
| and, | : | |
| ESTATE OF MIRIAM MEDOW, et al., Defendants. | : | |

Civil Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Appeal Dismissed

Date of Judgment Entry on Appeal:  December 30, 2015

*Statman, Harris, & Eyrich, LLC,* and *William B. Fecher*, for Plaintiff-Appellee,

*Montgomery, Rennie & Johnson, LPA, Elaine M. Stoll* and *Ralph E. Burnham*, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**STAUTBERG, Judge.**

{¶1} This appeal arises from a summary-judgment order issued in a foreclosure action. Defendant-appellant Sharon K. Meadows and plaintiff-appellee General Electric Credit Union ("G.E.") moved the trial court for summary judgment on the issue of whether Meadows's dower interest in the subject property or G.E.'s mortgage lien had priority in the underlying foreclosure action. The trial court determined that G.E.'s mortgage lien had priority. It therefore overruled Meadows's motion and granted G.E.'s. Meadows now appeals that order. At the time of Meadows's appeal, the foreclosure action was still pending in the trial court. Before reaching the merits of Meadows's appeal, we must determine whether we have jurisdiction in this matter.

{¶2} This court has "such jurisdiction as may be provided by law to review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district * * * ." Article IV, Section 3(B)(2), Ohio Constitution. Where, as here, we are faced with an appeal from an order that does not dispose of all claims against all of the parties, we must (1) determine whether the order is "final" within the meaning of R.C. 2505.02, and, if it is, we must (2) determine whether the requirements of Civ.R. 54(B) have been met. *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 10; *Walburn v. Dunlap*, 121 Ohio St.3d 373, 2009-Ohio-1221, 904 N.E.2d 863, ¶ 13; *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 716 N.E.2d 184 (1999); *Noble v. Colwell*, 44 Ohio St.3d 92, 97, 540 N.E.2d 1381 (1989); *compare Welsh Dev. Co. v. Warren Cty. Regional Planning Comm.*, 128 Ohio St.3d 471, 2011-Ohio-1604, 946 N.E.2d 215, ¶ 14 (holding that when the right to appeal is conferred by statute, an appeal can be perfected only in the manner prescribed by the applicable statute.)

## Finality Under R.C. 2505.02

{¶3}   In *Queen City S. & L. Co. v. Foley*, 170 Ohio St. 383, 165 N.E.2d 633 (1960), the Supreme Court held that "[i]n a mortgage foreclosure action, a journalized order determining that the mortgage constitutes the first and best lien upon the subject real estate is a judgment or final order from which an appeal *may* be perfected." *Id.* at syllabus (emphasis added). While at first glance this holding appears to control the jurisdictional issue in this case, *Queen City* addressed *only* the matter of finality under R.C. 2505.02.  Civ.R. 54(B) certification was not at issue in that case.  Further, *Queen City* was decided prior to the series of cases, cited above, that require us to consider whether the requirements of *both* R.C. 2505.02 and Civ.R. 54(B) have been met to properly perfect an appeal.  We therefore find that *Queen City* disposes only of the issue that the order before us is "final" under R.C. 2505.02.  *See id.* at 385-387.  We must also analyze whether the court's order met the requirements of Civ.R. 54(B).  *See Sullivan*; *Walburn*; *Denham*; *Nobel*.

## Civ.R. 54(B)

{¶4}   The general purpose of Civ.R. 54(B) is to balance the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals. *Alexander v. Buckeye Pipe Line Co.*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977). Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action * * *, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay.  In the absence of a determination that there is no just reason for delay, any order * * * which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not

3

terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

{¶5}   Thus, the appealability of a final order disposing of fewer than all of the claims in an action is a determination that must be made by the trial court.  *See IBEW Local Union No. 8 v. Vaugh Industries, LLC*, 116 Ohio St.3d 335, 2007-Ohio-6439, 879 N.E.2d 187, ¶ 8 (holding that a trial court may not bypass the requirement to include the express language of Civ.R. 54(B) simply by designating an order as final).  In deciding that there is "no just reason for delay," the trial court makes the determination that an interlocutory appeal is consistent with the interests of sound judicial administration, i.e., that an immediate appeal will lead to judicial economy.  *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 617 N.E.2d 1136 (1993), syllabus.  A Civ.R. 54(B) certification that "there is no just reason for delay" therefore can "transform a final order into a final appealable order." *Id.* at 355.

## No Certification, No Jurisdiction

{¶6}   Here, the trial court did not certify its order under Civ.R. 54(B).  And all of the claims as to all of the parties in this case have not yet been determined.  We therefore hold that this appeal has not been perfected, and that we are without jurisdiction in this matter.  In so holding, we overrule *Bank of Am., N.A. v. Omega Design/Build Group, LLC*, 1st Dist. Hamilton No. C-100018, 2011-Ohio-1650 to the extent that it conflicts with this opinion.

Appeal dismissed.

**CUNNINGHAM, P.J.,** and **FISCHER, J.** ., concur.

4

Please note:

The court has recorded its own entry this date.

