[Cite as *State ex rel. Deem v. Pomeroy*, 2017-Ohio-2937.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

State ex rel. David L. Deem, et al.,   :

       :

    Relators-Plaintiffs/       :    Case No. 17CA3
    Appellees/Cross-Appellants,   :

       :

    v.       :

       :

Village of Pomeroy, et al.,       :

       :    <u>DECISION AND JUDGMENT ENTRY</u>

    Respondents-Defendants/   :
    Appellants/Cross-Appellees.  :    **RELEASED: 05/22/2017**

_____

APPEARANCES:

Lawrence E. Barbiere and Katherine L. Barbiere, Mason, Ohio for Appellants/Cross-Appellees.

Michael M. Hollingsworth, Athens, Ohio for Appellees/Cross-Appellants.
_____

Harsha, A.J.

{¶1}   Appellants/Cross-Appellees Village of Pomeroy, its former mayor and members of the Pomeroy Village Council (collectively "Pomeroy") appeal an order entered by the Meigs County Court of Common Pleas granting in part and denying in part Pomeroy's motion for summary judgment. Appellees David and Jamie Deem filed a cross-appeal to that portion of the order that granted Pomeroy's summary judgment against the Deems on their mandamus claim. Pomeroy filed a motion to dismiss the Deems's cross appeal because the order appealed is not a final, appealable order – the trial court granted judgment on fewer than all of the claims in the case. Pomeroy's appeal is limited to that portion of the trial court's order that denied them immunity under

R.C. 2744.02(C). Because the order appealed from is a final, appealable order under R.C. 2744.02(C), appellate review is limited to the denial of immunity. We are not authorized to review other alleged errors in the order. Thus we lack jurisdiction over the cross-appeal, **GRANT** Pomeroy's motion, and **DISMISS** the cross-appeal. We strike cross-appellant's brief from the record.

## FACTS

{¶2}   The Deems filed an action, which included federal claims under 42 U.S.C. Section 1983, against the Pomeroy defendants in state court. The action was removed to federal court and then remanded. After remand the trial court stayed the Section 1983 claims and the Pomeroy defendants moved for summary judgment on the remaining state law claims. The trial court granted Pomeroy's motion on certain of the pending claims, but denied it on some of the other claims. The order does not contain Civ.R. 54(B) language stating that "there is no just cause for delay."

{¶3}   The Pomeroy defendants appealed that portion of the order that denied them the benefit of immunity under R.C. 2744.02(C), which states, "An order that denies a political subdivision or an employee of a political subdivision the benefit of an alleged immunity from liability as provided in this chapter or any other provision of the law is a final order."

{¶4}   The Deems filed a cross-appeal challenging the trial court's grant of summary judgment in Pomeroy's favor on their mandamus claim.

## LEGAL ANALYSIS

{¶5}   Appellate courts "have such jurisdiction as may be provided by law to

review and affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" Ohio Constitution, Article IV, Section 3(B)(2); see R.C. 2505.03(A). If a court's order is not final and appealable, we have no jurisdiction to review the matter and must dismiss the appeal. *Eddie v. Saunders*, 4th Dist. Gallia No. 07CA7, 2008–Ohio–4755, ¶ 11.

{¶6}   Unless another statute specifically creates a right of appeal, an order must meet the requirements of R.C. 2505.02 to constitute a final, appealable order. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88, 541 N.E.2d 64 (1989). Under R.C. 2505.02(B)(1), an order is a final order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" To determine the action and prevent a judgment for the party appealing, the order "must dispose of the whole merits of the cause or some separate and distinct ranch thereof and leave nothing for the determination of the court." *Hamilton Cty. Bd. of Mental Retardation & Dev. Disabilities v. Professionals Guild of Ohio*, 46 Ohio St.3d 147, 153, 545 N.E.2d 1260 (1989).

{¶7}   If the case involves multiple parties or multiple claims, the court's order must meet the requirements of Civ.R. 54(B) to qualify as a final, appealable order. *See Chef Italiano Corp.* at 88. Under Civ.R. 54(B), "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just

reason for delay." Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989); Civ.R. 54(B). The purpose of Civ.R. 54(B) is " 'to make a reasonable accommodation of the policy against piecemeal appeals with the possible injustice sometimes created by the delay of appeals[,]' * * * as well as to insure that parties to such actions may know when an order or decree has become final for purposes of appeal * * *." *Pokorny v. Tilby Dev. Co.*, 52 Ohio St.2d 183, 186, 370 N.E.2d 738 (1977); quoting *Alexander v. Buckeye Pipeline*, 49 Ohio St.2d 158, 160, 359 N.E.2d 702 (1977).

**{¶8}** Here the trial court did not enter judgment on all of the pending claims and did not include the requisite Civ.R. 54(B) language. Instead, it granted summary judgment on some of the claims, but denied Pomeroy's immunity argument and permitted the Deems's two claims for negligence to remain. Therefore, the Pomeroy defendants are able to appeal the trial court's entry permitting the claims against them to proceed to trial because that portion of the trial court's order denies them the benefit of sovereign immunity and is immediately appealable under R.C. 2744.02(C) without the necessity of Civ.R. 54(B) language. *See Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, syllabus.

**{¶9}** However, appellate review under R.C. 2744.02(C) is limited to the denial of immunity and does not authorize the appellate court to review the merits of the action. *Leasure v. Adena Local School Dist.*, 2012-Ohio-3071, 973 N.E.2d 810, ¶43 (4th Dist.); *Zoldan v. Village of Lordstown,* 11th Dist. Trumbull No. 2014-T-0002, 2014-Ohio-

3007, ¶10; *Jones v. Delaware City School Dist. Bd. of Edn.*, 2013-Ohio-3907, 995 N.E.2d 1252, ¶ 15-16 (5th Dist.). Therefore, the Deems's cross-appeal, which is attempting to appeal the granting of the Pomeroy defendant's motion for summary judgment on the mandamus claim, is not subject to review. Other than for the narrow review of the denial of the benefit of immunity, the trial court's order is not a final order because the two negligence claims are still pending and the entry did not contain the requisite Civ.R. 54(B) language. *See Zoldan, supra.*

{¶10} The Deems cite *Stovicek v. Parma*, 8th Dist. Cuyahoga No. 102699, 2015-Ohio-5147 to argue that R.C. 2744.02(C) makes the trial court's entire order a final order and allows them to cross-appeal any issues addressed by the order. However, in *Stovicek*, the trial court's order contained the Civ.R. 54(B) language "no just reason for delay." *See Stovicek* at ¶ 8. Here, the order does not contain the Civ.R. 54(B) language. Absent the mandatory language that "there is no just reason for delay," an order that does not dispose of all claims is subject to modification and is not final and appealable. *Noble v. Colwell*, 44 Ohio St.3d 92, 96, 540 N.E.2d 1381 (1989)

CONCLUSION

{¶11} Pomeroy's appeal of the order denying them the benefit of immunity is allowed under R.C. 2744.02(C). However, the order is not otherwise a final appealable order. We grant Pomeroy's motion to dismiss the cross-appeal because we are limited in our review to only the denial of the benefit of sovereign immunity issue. The court's grant of summary judgment to Pomeroy is not a final appealable order that is presently subject to a cross-appeal; we lack jurisdiction to consider the cross-appeal. Accordingly,

we **GRANT** Pomeroy's motion to dismiss and **DISMISS** the cross-appeal for lack of a final, appealable order. Cross-Appellants Deems's brief in support of their cross-appeal is hereby **STRICKEN** from the record. **IT IS SO ORDERED.** The clerk shall serve a copy of this entry on all counsel of record at their last known addresses by ordinary mail.

Abele, J. and McFarland, J.:  Concur.

                                            **FOR THE COURT**


                                            _____
                                            William H. Harsha
                                            Administrative Judge