[Cite as *Johnson-Newberry v. Cuyahoga Cty. Child & Family Servs.*, 2019-Ohio-3655.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

SYLVIA JOHNSON-NEWBERRY,  :

   Plaintiff-Appellee,  :

                       No. 107424

   v.  :

CUYAHOGA COUNTY CHILD AND  :
FAMILY SERVICES, ET AL.,

                     :

   Defendant

[Appeal by Stacey Gura, Defendant-Appellant]

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED IN PART; DISMISSED IN PART
**RELEASED AND JOURNALIZED:**  September 12, 2019

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-888586

---

### *Appearances:*

Sobel, Wade & Mapley, L.L.C., and Claire I. Wade-Kilts,
*for appellee.*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Brian R. Gutkoski, Assistant Prosecuting
Attorney, *for appellant.*

MICHELLE J. SHEEHAN, J.:

{¶ 1} Defendant-appellant Stacey Gura appeals from the trial court's order denying the collective defendants' motion for judgment on the pleadings and granting the plaintiff-appellee Sylvia Johnson-Newberry's motion for leave to amend her complaint.[1] Gura argues she is entitled to sovereign immunity for Johnson-Newberry's allegations of personal liability for aiding and abetting pursuant to R.C. 4112.02(J). As set forth below, we affirm the trial court's order denying immunity. Because the trial court's order granting leave to allow Johnson-Newberry to amend her complaint to correct the Cuyahoga County defendant's name is not a final appealable order, we do not have jurisdiction to address Gura's second assignment of error.

## Procedural History

{¶ 2} Plaintiff-appellee Sylvia Johnson-Newberry was employed by defendant Cuyahoga County Division of Children and Family Services ("CCDCFS") as a social worker on November 14, 2016, until her termination on August 2, 2017. On November 6, 2017, Johnson-Newberry filed a complaint against her former employer, CCDCFS, and her former supervisor, defendant-appellant Stacey Gura.

{¶ 3} Johnson-Newberry asserted four claims in her complaint. Three claims were against CCDCFS: (1) disability discrimination; (2) race discrimination;

---

[1] Defendant Cuyahoga County Division of Children and Family Services did not appeal the trial court's denial of the defendants' motion for judgment on the pleadings and granting of the plaintiff's motion for leave to amend the complaint and therefore is not a party to this appeal.

and (3) retaliation. In her fourth cause of action, Johnson-Newberry asserted a claim against Gura for aiding and abetting unlawful discrimination in violation of R.C. 4112.02(J). The defendants filed a joint answer, with several exhibits, and asserted affirmative defenses.

{¶ 4} On April 9, 2018, the defendants filed a motion for judgment on the pleadings and to strike Johnson-Newberry's claim for punitive damages. In their motion, defendants asserted that the cause of action against Gura is actually a claim against Gura in her official capacity and therefore is a claim against CCDCFS. Defendants also claimed immunity. On April 24, 2018, Johnson-Newberry filed a motion to amend her complaint. Johnson-Newberry moved to correct a mistake in the county defendant's name. Johnson-Newberry stated that she mistakenly omitted the words "division of" from "Cuyahoga County Child and Family Services."

{¶ 5} On June 12, 2018, the trial court denied the defendants' motion for judgment on the pleadings without analysis and granted Johnson-Newberry leave to amend the complaint "to correct the misnomer, only." Thereafter, Johnson-Newberry filed her amended complaint, partially correcting the county defendant's name to "Cuyahoga County Division of Child [sic] and Family Services."

{¶ 6} Defendant-appellant Gura now appeals the trial court's June 2018 order, assigning two errors for our review:

> I. The trial court committed prejudicial and reversible error by denying Appellant's Motion for Judgment on the Pleadings.

**II. The trial court abused its discretion in granting leave to file an amended complaint.**[2]

### Motion for Leave to Amend Complaint

{¶ 7} Gura contends that the trial court abused its discretion when it permitted Johnson-Newberry to amend her complaint. In support, she argues that (1) Johnson-Newberry's motion failed to comply with the trial court's local rules requiring the movant to attach her proposed amendment; and (2) Johnson-Newberry's complaint improperly alleges punitive damages.

{¶ 8} It is well established that an appellate court may only review final orders, and without a final order, an appellate court has no jurisdiction for review. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 9, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). R.C. 2744.02(C) carves out an exception and permits a political subdivision or an employee of a political subdivision to appeal an order that denies it the benefit of an alleged immunity under R.C. Chapter 2744, "even when the order makes no determination that there is no just cause for delay pursuant to Civ.R. 54(B)." *Sullivan v. Anderson Twp.*, 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, syllabus.

{¶ 9} However, appellate review pursuant to R.C. 2744.02(C) is limited to review of only alleged errors involving the denial of "the benefit of an alleged

---

[2] In the interest of judicial economy, we address the assignments of error out of order.

immunity from liability" and does not authorize appellate courts to otherwise review alleged errors that do not involve claims of immunity. *Windsor Realty & Mgt., Inc. v. N.E. Ohio Regional Sewer Dist.*, 2016-Ohio-4865, 68 N.E.3d 327, ¶ 15 (8th Dist.); *Riscatti v. Prime Props. Ltd. Partnership*, 137 Ohio St.3d 123, 2013-Ohio-4530, 998 N.E.2d 437, ¶ 20. "Generally, an order denying leave to amend a pleading is not a final, appealable order." *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 10.

{¶ 10} Here, the record shows that on November 6, 2017, Johnson-Newberry filed a complaint against "Cuyahoga County Child and Family Services" and Stacey Gura. On April 17, 2018, in the defendants' motion for leave to file a reply brief in support of judgment on the pleadings instanter, the defendants assert that Johnson-Newberry "did not sue the proper named entity, which is 'Cuyahoga County, Division of Child and Family Services.'" Approximately one week later, Johnson-Newberry filed a motion to amend her complaint to correct the defendant's name, requesting the court allow her to amend the complaint to add "division of" to the defendant's name. On June 12, 2018, the trial court granted Johnson-Newberry's motion to amend her complaint "to correct the misnomer, only." And on June 20, 2018, Johnson-Newberry filed her amended complaint.

{¶ 11} Our review of the amended complaint reveals that the only changes to the original complaint is the addition of the words "division of" to the Cuyahoga County defendant's name (in two places) and a correction to the parenthetical description of Johnson-Newberry's first cause of action: "Race Discrimination" is

corrected to state "Disability Discrimination," to correctly correspond to the allegation of disability discrimination contained in the body of the first cause of action. The amended complaint does not alter the body of the first cause of action.

{¶ 12} Because Johnson-Newberry's motion for leave to amend the complaint sought only to correct a misnomer in the county defendant's name and did not involve any issues involving "immunity from liability," the order granting the motion is not a final appealable order. We therefore have no jurisdiction to review Gura's second assignment of error and we disregard it.

## Motion for Judgment on the Pleadings

{¶ 13} Gura also contends that the trial court erred when it denied her Civ.R. 12(C) motion for judgment on the pleadings. In support, she argues that Gura is immune from liability, and Johnson-Newberry has failed to plead any set of facts supporting an exception to immunity. Specifically, Gura argues that R.C. 4112.02(J) does not expressly impose civil liability to an employee of a political subdivision and does not constitute an exception to immunity.

{¶ 14} Civ.R. 12(C) permits any party to move for judgment on the pleadings "[a]fter the pleadings are closed but within such times as not to delay the trial." A motion for judgment on the pleadings, "which has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief can be granted," presents solely questions of law. *Whaley v. Franklin Cty. Bd. of Commrs.*, 92 Ohio St.3d 574, 581, 2001-Ohio-1287, 752 N.E.2d 267; *Shingler,* 8th Dist. Cuyahoga No. 106383, 2018-Ohio-2740, at ¶ 17. Similar to a Civ.R. 12(B)(6) motion to dismiss, the

factual allegations of the complaint are taken as true; however, unsupported legal conclusions are insufficient. *Tate v. Garfield Hts.*, 8th Dist. Cuyahoga No. 99099, 2013-Ohio-2204, ¶ 9.

{¶ 15} The consideration of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings and any writings attached to the pleadings. *Peterson v. Teodosio*, 34 Ohio St.2d 161, 166, 297 N.E.2d 113 (1973). Dismissal under Civ.R. 12(C) is appropriate where, after construing all material allegations in the complaint, with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious*, 75 Ohio St.3d 565, 570, 1996-Ohio-459, 664 N.E.2d 931. Therefore, a motion for judgment on the pleadings "requires a determination that no material factual issues exist and [] the movant is entitled to judgment as a matter of law." *Id.*, citing *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403, 594 N.E.2d 60 (10th Dist.1991).

{¶ 16} We review a trial court's decision on a motion for judgment on the pleadings de novo. *Drozeck v. Lawyer Title Ins. Corp.*, 140 Ohio App.3d 816, 820, 749 N.E.2d 775 (8th Dist. 2000).

{¶ 17} In her complaint, Johnson-Newberry, an African-American, alleged that she was discriminated against by her employer, CCDCFS, because of her disability and her race. Johnson-Newberry claims that Gura, Johnson-Newberry's Caucasian supervisor, treated her differently than the Caucasian social workers, did

not provide Johnson-Newberry with the same training as the Caucasian social workers, "belittled" Johnson-Newberry for not following procedures on which she was never trained, and "spoke down" only to Johnson-Newberry.

{¶ 18} According to the complaint, Johnson-Newberry complained about the alleged discrimination to Gura's supervisor, Bill Mench, and after Mench shared Johnson-Newberry's complaints with Gura, Gura's treatment of Johnson-Newberry worsened. In a written complaint about Gura to Mench, Johnson-Newberry alleged that she believed Gura mistreated her "because I am black." The complaint alleged that Gura's treatment caused Johnson-Newberry severe anxiety that substantially limited major life activities, including work, and Gura's treatment resulted in Johnson-Newberry taking a seven-week medical leave. Johnson-Newberry was terminated approximately two months after returning to work from medical leave.

{¶ 19} In her fourth cause of action, "Aiding and Abetting in Violation of R.C. 4112.02(J)," Johnson-Newberry specifically alleged that "in failing to provide necessary training to Johnson-Newberry" and "in terminating Johnson-Newberry," Gura aided and abetted CCDCFS in unlawful discrimination based on race, disability, and in retaliation based on Johnson-Newberry's R.C. Chapter 4112 protected activity. The issue on appeal is whether Gura is entitled to immunity for Johnson-Newberry's allegation of aiding and abetting pursuant to R.C. 4112.02(J).

{¶ 20} R.C. 4112.02(A) makes it

an unlawful discriminatory practice * * * [f]or any employer, because of the race, color, * * * [or] disability * * * of any person, to discharge without just cause * * * or otherwise to discriminate against that

person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment.

An "employer" includes "the state, any political subdivision of the state, * * * and any person acting directly or indirectly in the interest of an employer." R.C. 4112.01(A)(2).

{¶ 21} R.C. 4112.02(J) makes it unlawful for

any person to aid, abet, incite, compel, or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, to obstruct or prevent any person from complying with this chapter or any order issued under it, or to attempt directly or indirectly to commit any act declared by this section to be an unlawful discriminatory practice.

To "aid and abet," an individual must actively participate in, or otherwise facilitate, another's discriminatory act in violation of R.C. 4112.02. *Pittman v. Parillo*, 6th Dist. Lucas No. L-16-1140, 2017-Ohio-1477, ¶ 25. The statute defines "person" as one or more individuals, partnerships, associations, organizations, corporations, legal representatives, trustees, trustees in bankruptcy, receivers, and other organized groups of persons * * * [as well as] the state and all political subdivisions, authorities, agencies, boards, and commissions of the state.

R.C. 4112.01(A)(1).

{¶ 22} R.C. 2744.03 provides an employee of a political subdivision immunity from tort liability, with three exceptions:

(a) The employee's acts or omissions were manifestly outside the scope of the employee's employment or official responsibilities;

(b) The employee's acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner;

(c) Civil liability is expressly imposed upon the employee by a section of the Revised Code. Civil liability shall not be construed to exist under

another section of the Revised Code merely because that section imposes a responsibility or mandatory duty upon an employee, because that section provides for a criminal penalty, because of a general authorization in that section that an employee may sue and be sued, or because the section uses the term "shall" in a provision pertaining to an employee.

R.C. 2744.03(A)(6).

{¶ 23} Gura contends that Johnson-Newberry cannot maintain a claim against her personally for a violation of R.C. 4112.02, stating that Gura cannot "aid and abet" her own employer, and even if this claim is available, Gura is immune from liability. Thus, the issue is whether R.C. 4112.02(J) "expressly" imposes civil liability upon Gura and, therefore, qualifies as an exception to immunity. Two Ohio Supreme Court cases are relevant to our discussion concerning the application of R.C. 4112.02(J) to Gura and immunity: *Genaro v. Cent. Transport, Inc.*, 84 Ohio St.3d 293, 703 N.E.2d 782 (1999); and *Hauser v. Dayton Police Dept.*, 140 Ohio St.3d 268, 2014-Ohio-3636, 17 N.E.3d 554 (2014).

{¶ 24} In *Genaro*, the Supreme Court determined that an individual supervisor or manager may be liable for employment discrimination. The court held that "a supervisor/manager may be held jointly and/or severally liable with her/his employer for discriminatory conduct of the supervisor/manager in violation of R.C. Chapter 4112." *Genaro* at 300. Gura claims that *Genaro* is a nearly two-decades old, "deeply divided" case and its "continuing validity" has been repeatedly questioned by federal courts. Gura argues, rather, that the Supreme Court's holding in *Hauser, supra*, applies here to bar Johnson-Newberry's claim.

{¶ 25} In 2014, the Ohio Supreme Court in *Hauser* held that R.C. 4112.01(A)(2) and 4112.02(A) do not "expressly impose" civil liability on political subdivision employees so as to trigger the immunity exception in R.C. 2744.03(A)(6)(c). *Hauser* at ¶ 15. The *Hauser* court therefore concluded that employees of political subdivisions could not be held individually liable for discrimination because they are immune under R.C. 2744.03. *Id.*; *Musarra v. Univ. Hosps. Physician Servs.*, N.D.Ohio No. 1:18CV959, 2019 U.S. Dist. LEXIS 11482, 5 (Jan. 24, 2019). The court in *Hauser* distinguished its decision in *Genaro*, stating that *Genaro* "involved private-sector supervisors and managers and it asked only whether such persons may be jointly and severally liable with an employer for conduct 'in violation of R.C. Chapter 4112.'" *Hauser* at ¶ 17, citing *Genaro* at 293, 300. The court in *Hauser* further stated that *Genaro* "did not squarely address the immunity question at issue here," and therefore, was "not binding authority" in the *Hauser* case. *Id.*

{¶ 26} There is no dispute that CCDCFS is a political subdivision and therefore *Hauser* would apply in this employment context. However, the *Hauser* decision applies only to the provisions concerning "employer" discrimination. "We underscore * * * that our conclusion is limited to provisions dealing with 'employer' discrimination, R.C. 4112.01(A)(2) and 4112.02(A)." *Hauser,* 140 Ohio St.3d 268, 2014-Ohio-3636, 17 N.E.3d 554, at ¶ 15. And the court specifically stated, in dicta, that "[a]n individual political-subdivision *employee* still faces liability under other

provisions of R.C. 4112.02 that expressly impose liability, including the aiding-and-abetting provision in R.C. 4112.02(J)." (Emphasis added.) *Id.* The court explained:

> Even though R.C. 4112.02(A) imposes liability only upon an "employer," the General Assembly knows how to expressly impose liability on individuals, and it has done so elsewhere in R.C. 4112.02. For example, ever since it first enacted R.C. Chapter 4112 in 1959, the General Assembly has declared it unlawful for "any person" to "aid abet, incite, compel[,] or coerce the doing of * * * an unlawful discriminatory practice" or to "attempt directly or indirectly to commit any act" constituting "an unlawful discriminatory practice." Former R.C. 4112.02(H) (enacted by Am.S.B. No. 10, 128 Ohio Laws 12, 14), now codified as R.C. 4112.02(J). * * * [A]n examination of R.C. 4112 reveals that when the General Assembly imposes individual liability for discriminatory practices, it does so expressly. If we were to conclude that the employer-discrimination provision in R.C. 4112.02(A) expressly imposes liability on employees, we would render the aiding-and-abetting provision in R.C. 4112.02(J) largely superfluous. That provision already holds individual employees liable for their participation in discriminatory practices.

*Hauser* at ¶ 12.

{¶ 27} Thus, according to *Hauser*, R.C. 4112.01(A)(2) and 4112.02(A), which concern the discriminatory acts of an employer, do not expressly impose civil liability on political subdivision employees so as to trigger the immunity exception set forth in R.C. 2744.03(A)(6)(c). R.C. 4112.02(J), however, specifically applies to a "person," making it unlawful for "any person to aid, abet, incite, compel, or coerce the doing of any" discriminatory act. That provision therefore expressly imposes liability upon an individual that would include an employee of a political subdivision. While the statutory provision may not have intended to encompass a supervisor as a person that "aids and abets" their employer in an alleged discriminatory act, if the legislature intended to exempt political subdivision

employees, including superiors, from civil liability pursuant to R.C. 4112.02(J), the legislature could have narrowed the definition of a "person." Accordingly, we are constrained to find the exception to immunity set forth in R.C. 2744.03(A)(6)(c) applies to Gura for alleged violations of R.C. 4112.02(J).

{¶ 28} Gura contends that the Supreme Court's language concerning personal liability under R.C. 4112.02(J) is dicta and the case was decided by a fragmented court and therefore should be disregarded. Although we agree that the *Hauser* court's discussion concerning R.C. 4112.02(J) is not the holding of the court, we find guidance in the court's discussion.

{¶ 29} We are mindful that R.C. Chapter 4112 is a remedial statute and courts should liberally construe the statute "to promote its purpose of eliminating discrimination." *Woodworth v. Time Warner Cable, Inc.*, N.D.Ohio No. 1:15 CV 1685, 2015 U.S. Dist. LEXIS 148832, 6 (Nov. 2, 2015), citing *Elek v. Huntington Natl. Bank*, 60 Ohio St.3d 135, 137, 573 N.E.2d 1056 (1991). Acknowledging this purpose, we consider the intentional difference in the language the General Assembly used in enacting R.C. 4112.02(A) and 4112.02(J), as noted in *Hauser*, and we recognize that other courts, implicitly or explicitly, followed *Hauser's* reasoning concerning R.C. 4112.02(J). *See Moore v. Cuyahoga Cty.*, N.D.Ohio No. 1:16 CV 3068, 2017 U.S. Dist. LEXIS 152070, 18-19 (July 27, 2017), *report and recommendation adopted by Moore v. Cuyahoga Cty.*, N.D.Ohio No. 1:16 CV 3068, 2017 U.S. Dist. LEXIS 152411 (Sept. 18, 2017) (concluding that, in light of *Hauser*, the political subdivision employees were not entitled to dismissal of the plaintiff's

R.C. Chapter 4112 claim simply because they are individuals); *see also Rosecrans v. Wellington*, N.D.Ohio No. 1:15CV0128, 2016 U.S. Dist. LEXIS 4882, 10 (Jan. 14, 2016) (acknowledging that *Hauser* recognized that R.C. 4112.02(J) imposes liability on employees for aiding and abetting discrimination); *Woodworth* (following *Hauser* in concluding "the fact that R.C. 4112.02(J) applies to 'any person' indicates the legislature's intent that the statute be applied more broadly than R.C. 4112.02(A)."); *Musarra*, N.D.Ohio No. 1:18CV959, 2019 U.S. Dist. LEXIS 11482, at 8 (noting that *Genaro's* holding that individual supervisors and managers may be held liable under R.C. Chapter 4112 remains good law and *Hauser* "merely created an exception that applies when the immunity provision in R.C. 2744.03(A)(6)(c) is invoked"). Accordingly, we find *Hauser*'s statements that R.C. 4112.02(J) expressly imposes liability on an individual political subdivision employee to be persuasive.

{¶ 30} Here, Johnson-Newberry's fourth cause of action alleges that Gura, in violation of R.C. 4112.02(J), aided and abetted the unlawful discrimination of Gura's employer, CCDCFS, (1) by failing to provide the necessary training to Johnson-Newberry; and (2) in terminating Johnson-Newberry on the basis of her race or disability, or in retaliation for making complaints about race discrimination. R.C. 4112.02(J) makes it unlawful for "any person" to participate in another's discriminatory practices. Because R.C. 4112.02(J) expressly imposes liability on the employee of a political subdivision, the immunity exception in R.C. 2744.03(A)(6)(c) applies and Gura is not immune to Johnson-Newberry's claim under the aiding-and-abetting provision of the statute.

**{¶ 31}** Accordingly, in construing all material allegations in the complaint in favor of the nonmoving party, we find that Gura failed to demonstrate that Johnson-Newberry could prove no set of facts in support of her claim for aiding and abetting under R.C. 4112.02(J) that would entitle her to immunity at this stage of the proceeding. The trial court therefore properly denied Gura's Civ.R. 12(C) motion for judgment on the pleadings.

**{¶ 32}** Gura's first assignment of error is overruled.

**{¶ 33}** Judgment affirmed in part and dismissed in part.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, JUDGE

ANITA LASTER MAYS, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE OPINION ATTACHED


SEAN C. GALLAGHER, P.J., CONCURRING:

**{¶ 34}** I fully concur with the majority's decision, although I believe the immunity issue is one the Supreme Court of Ohio may wish to address.

{¶ 35} With regard to the immunity issue, I agree with the majority that the allegations in the complaint and amended complaint, accepted as true, are sufficient to state a claim for aiding and abetting the alleged discrimination. Whether appellant will ultimately prevail on the claim is not a consideration before us, and the merits of the claim remain to be determined in the trial court. I also agree with the majority's analysis of *Genaro*, 84 Ohio St.3d 293, 1999-Ohio-353, 703 N.E.2d 782; and *Hauser*, 140 Ohio St.3d 268, 2014-Ohio-3636, 17 N.E.3d 554. Although *Hauser* is not controlling, other courts have found the reasoning persuasive and determined that R.C. 4112.02(J) provides for a claim of this type against an individual employee in an employment discrimination case. *See Bower v. Metroparks of Butler Cty.*, S.D.Ohio No. 1:18-CV-00791, 2019 U.S. Dist. LEXIS 98747, 23-27 (June 11, 2019); *Markins v. S.W. Airlines Co.*, N.D.Ohio No. 5:17-CV-793, 2017 U.S. Dist. LEXIS 148383, 7-8 (Sept. 13, 2017); *Moore v. Cuyahoga Cty.*, N.D.Ohio No. 1:16-CV-3068, 2017 U.S. Dist. LEXIS 152070, 18 (July 27, 2017).

{¶ 36} Appellant raises a compelling argument against imposing individual liability under R.C. 4112.02(J). Appellant also argues that the issue was not central to the resolution of the certified conflict in *Hauser* and there was no majority supporting the reasoning expressed in *Hauser*. Nonetheless, because several federal courts have agreed with the reasoning in *Hauser*, I am inclined to agree with the majority decision. Because the issue has not been firmly decided by the Supreme Court of Ohio, it may wish to consider the issue.